1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   DANA J. DUNWOODY, Cal. Bar No. 119696
3  ddunwoody@sheppardmullin.com
   JOHN C. DINEEN, Cal. Bar No. 222095
4  jdineen@sheppardmullin.com
   501 West Broadway, 19th Floor
5  San Diego, California  92101-3598
   Telephone:   619-338-6500
6  Facsimile:    619-234-3815

7  Attorneys for Defendants
   MASSAGE ENVY FRANCHISING, LLC, and
8  MASSAGE ENVY, LLC

9

10                UNITED STATES DISTRICT COURT

11                SOUTHERN DISTRICT OF CALIFORNIA

12

| Gail Hahn, individually and on behalf of all other similarly situated California residents, | CASE NO. **'12CV0153 MMA JMA** |
|---|---|
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| Massage Envy Franchising LLC, a Delaware limited liability company; Massage Envy, LLC, a Delaware limited liability company, | |
| Defendants. | |

22       Defendants, MASSAGE ENVY FRANCHISING LLC and MASSAGE ENVY,

23 LLC (collectively, "Massage Envy"), pursuant to 28 U.S.C. § 1441, hereby remove to this

24 Court the state action described below, which falls within the original jurisdiction of this

25 Court and thus is properly removed under 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

26       Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served

27 on Plaintiff's counsel of record and filed with the Clerk of the Superior Court of the State

28

of California in and for the County of San Diego, as an exhibit to a Notice of Filing Notice of Removal. A copy of said Notice of Filing (without exhibits) is attached hereto as **Exhibit A**.

PROCEDURAL BACKGROUND

1. Plaintiff, GAIL HAHN ("Plaintiff"), brought this action on December 7, 2011 in the Superior Court of the State of California in and for the County of San Diego by filing a putative class action complaint (the "Complaint") styled as *Gail Hahn, individually and on behalf of all other similarly situated California Residents v. Massage Envy Franchising, LLC and Massage Envy LLC*, Case No. 37-2011-00102080-CU-BT-CTL.

2. Defendants were served with a Summons and Complaint on December 20, 2011. As required by 28 U.S.C. §§ 1446(a), true and correct copies of the complete state court file are attached hereto as **Exhibit B**.

3. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is being filed within 30 days after Defendants' receipt of a copy of the Complaint, which is the initial pleading that sets forth the claims for relief upon which this action is based.

4. In addition, pursuant to 28 U.S.C. § 1441(a), the Notice of Removal is properly filed in this Court because the Superior Court of the State of California in and for the County of San Diego is located within this Court's jurisdiction. *See* 28 U.S.C. § 84(d).

ALLEGATIONS OF THE COMPLAINT

5. Plaintiff asserts three claims for relief against Defendants: (i) unlawful business practices in violation of California's Unfair Competition Law (codified at Cal. Bus. & Prof. Code § 17200 *et seq*.) ("UCL"); (ii) unfair business practices in violation of the UCL; and (iii) breach of the implied covenant of good faith and fair dealing.

6. These claims are based on Massage Envy's development of membership materials used by independent franchisees in California. In return for a recurring monthly membership fee, customers are entitled to receive one massage per month, and book additional monthly massages at a reduced rate. Unused massages roll over into succeeding

1  months so long as the customer remains a Massage Envy member, and the customer's
2  membership dues are current.  These provisions are express in the membership contract
3  signed by each Massage Envy member.  (*See* Declaration of Jeffrey Frankel, attached
4  hereto as **Exhibit C** ("Frankel Decl."), at ¶ 6.)

5      7.    Plaintiff claims that she was enrolled in the California membership program
6  for over two years, but ultimately "forfeited" her unused massages when she cancelled her
7  membership. (Complaint, ¶ 9.)  Plaintiff contends that the loss of her membership benefits
8  after she was no longer a Massage Envy member constitutes an improper liquidated
9  damages penalty in a consumer contract prohibited by Cal. Civ. Code §§ 1671(c) and (d).
10 Plaintiff theorizes that the imposition of these alleged liquidated damages amounts to an
11 unlawful and unfair business practice in violation of the UCL.  (Complaint, ¶ 2.)

12     8.    Plaintiff seeks to represent a class of consisting of:

> All California residents, from December 7, 2007 to the present, who were enrolled in a Massage Envy membership program and forfeited paid-for massages because they did not keep their membership current by making timely payments.

16 (Complaint, ¶ 23.)

17     9.    Plaintiff requests the following relief: (i) compensatory damages, and as to
18 senior citizen members of the putative class, treble damages pursuant to Cal. Civ. Code
19 § 3345; (ii) restitution and/or disgorgement; (iii) an injunction prohibiting "forfeiture" of
20 massages and from continuing to engage in unlawful and unfair business practices; (iv)
21 other equitable relief as the Court deems proper, including reinstatement of "forfeited"
22 massages on behalf of Plaintiff and the putative class members and imposition of a
23 constructive trust upon Defendants' revenue obtained from the unlawful and unfair
24 business practices in which they allegedly engaged; (v) pre- and post-judgment interest;
25 (vi) attorneys' fees and costs, including expert witness fees; and (vii) "[s]uch other and
26 further relief as this Court may deem just and proper." (Complaint, § VI.)

1  10. As demonstrated below, this action meets the requirements for removal under federal law and thus is properly removed to this Court.

### GROUNDS FOR REMOVAL

11. This action falls within the original jurisdiction of this Court under the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified at 28 U.S.C. §§ 1332(d) and 1453). In order to properly remove an action under CAFA, several requirements must first be satisfied. The removing party must show that (i) the matter qualifies as a class action, (ii) the putative class has a minimum number of members, (iii) the citizenship of at least one member of the class is diverse from at least one defendant, and (iv) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. As set forth below, Defendants are entitled to remove this action.

12. <u>Must be a Class Action</u>. CAFA applies only to class actions, which are defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B) and 1453(a). Here, Plaintiff has styled the Complaint as a "Class Action Complaint" and alleges that the case is being brought "as a class action pursuant to California Code of Civil Procedure 382." (Complaint, ¶ 23.) This action therefore meets the definition of a class action under CAFA.

13. <u>Must Have a Certain Number of Class Members</u>. Pursuant to 28 U.S.C. §§ 1332(d)(5)(B), CAFA requires the number of class members to exceed 100. Here, Plaintiff alleges that she "is informed and believes that there are thousands of members in the proposed Class." (Complaint, ¶ 24.) Accordingly, the class membership requirement has been satisfied.

14. <u>Citizenship of Class Members Must be Diverse</u>. The requirement of diversity of citizenship under CAFA is met in this action because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C.

§ 1332(d)(2)(A). Indeed, Plaintiff purports to represent a putative class limited just to "California residents." (Complaint, ¶ 23.) Neither defendant in this case is a citizen of California. Instead, Massage Franchising, LLC is a Delaware limited liability company with its principal place of business located in Scottsdale, Arizona. (Complaint, ¶¶ 11, 13; *see also* Frankel Decl., ¶ 5.) Massage Envy, LLC is a Delaware limited liability company with its principal place of business located in New York, New York. (Frankel Decl., ¶ 5.) Under 28 U.S.C. §§ 1332(d)(10), Defendants are considered citizens of Delaware and Arizona, and Delaware and New York, respectively, and therefore are diverse from Plaintiff and the putative class. *See Davis v. HSBC Bank Nevada*, 557 F.3d 1026 (9th Cir. 2009) (stating that CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members; instead, under 28 U.S.C. §§ 1332(d)(10), an association is a citizen of the state where it maintains its principal place of business and the state under whose laws it is organized); *Roling v. E*Trade Secs., LLC*, 756 F. Supp. 2d 1179 (N.D. Cal. 2010) (noting that a limited liability company is an "unincorporated association" under 28 U.S.C. §§ 1332(d)(10)).

15. <u>Amount in Controversy Must Exceed a Minimum Threshold</u>. CAFA requires the amount in controversy to exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). In determining that amount, the claims of the individual class members are aggregated. *Id.*, § 1332(d)(6). In this case, Plaintiff seeks compensatory damages, restitution and/or disgorgement, injunctive relief, and other equitable remedies, including reinstatement of unused massages and the imposition of a constructive trust upon Defendants' revenues from the massages at issue. (Complaint, § VI(B).) Plaintiff also seeks treble recovery on all damages awarded to senior citizen members of the putative class under Cal. Civ. Code § 3345, and attorneys' fees. (Complaint, §§ VI(D) and (F).)

16. Here, assuming that the claims raised by the Complaint have merit (and Defendants deny that they do), the minimum threshold for the amount in controversy has been satisfied, considering compensatory damages alone. Indeed, the damages at issue for

1 the putative class, consisting of those customers of California franchise locations who were
2 enrolled in Massage Envy membership programs from December 7, 2007 to the present
3 but whose accounts were past-due and/or cancelled, and who therefore, in accordance with
4 the terms of their membership contracts, were no longer able to use membership benefits,
5 exceeds $5,000,000, exclusive of interest and costs.  (Frankel Decl., ¶¶ 7, 8.)[1]

6 When combined with the treble damages that Plaintiff seeks with respect to certain class members, and the attorneys' fees requested by Plaintiff's counsel, the potential amount in controversy is even higher.  *See*, *e.g.*, *Grant v. Capital Mgmt. Servs.*, No. 11-56200, 2011 U.S. App. LEXIS 18366, at *3 (9th Cir. Sept. 2, 2011) (citing *Chabner v. United of Omaha Life Ins.*, 225 F.3d 1042 (9th Cir. 2000) (noting that treble damages may be considered in determining the amount in controversy requirement under CAFA)); *Valikhani v. Qualcomm Inc.*, No. 08CV786, 2008 U.S. Dist. LEXIS 64686, at *11-12 (S.D. Cal. Aug. 21, 2008) (same); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (including attorneys' fees in the calculation of the amount in controversy); *Tompkins v. Basic Research*, No. S-08-244, 2008 U.S. Dist. LEXIS 81411, at *12 (E.D. Cal. Apr. 22, 2008) (same).  Moreover, Plaintiff also requests injunctive relief prohibiting Defendants from allowing "forfeiture" of future massages.  If granted, such relief could impact Defendants' business and operations and result in substantial additional expense, which would add further to the amount in controversy in this action.  *See Rippee v. Boston Market*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005) (citing the Report of the Senate Committee on the Judiciary on CAFA, noting that the amount in controversy requirement may be established "either from the viewpoint of the plaintiff or the viewpoint of the

---

[1] Where, as here, the complaint does not contain any specific amount of damages sought, the party seeking removal must demonstrate, by a preponderance of the evidence, that the amount in controversy is satisfied.  *Lewis v. Verizon Comm'ns*, 627 F.3d 395, 397 (9th Cir. 2010).  The Ninth Circuit has held that a declaration is sufficient to show the potential damages may exceed the jurisdictional amount.  *See id.*

defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief.").

Accordingly, the amount of controversy requirement under 28 U.S.C. § 1332(d)(2) has been satisfied. The potential damages in this case exceed $5,000,000, exclusive of interest and costs.

## CONCLUSION

17. For the reasons set forth above, this action falls within the original jurisdiction of this Court pursuant to CAFA, and therefore is properly removed under 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

WHEREFORE, Defendants, MASSAGE ENVY FRANCHISING LLC and MASSAGE ENVY, LLC, respectfully request that this Court proceed with this matter as if the Complaint had been originally filed in the U.S. District for the Southern District of California.

Dated: January 18, 2012

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   *s/ John C. Dineen*
JOHN C. DINEEN

Attorneys for Defendants
MASSAGE ENVY FRANCHISING LLC and
MASSAGE ENVY, LLC
Email: jdineen@sheppardmullin.com