# EXHIBIT B

1   Jeffrey R. Krinsk  (CA Bar No. 109234)
    jrk@classactionlaw.com
2   Mark L. Knutson (CA Bar No. 131770)
    mlk@classactionlaw.com
3   William R. Restis (CA Bar No. 246823)
    wrr@classactionlaw.com
4   FINKELSTEIN & KRINSK LLP
    501 West Broadway, Suite 1250
5   San Diego, California 92101-3579
    Telephone: (619) 238-1333
6   Facsimile: (619) 238-5425

7   Attorneys for Plaintiff
    and the Putative Class

8

9

10

FILED
CIVIL BUSINESS C?
CENTRAL DIV

2011 DEC -7 P

CLERK-SUPERIOR
SAN DIEGO COUNT...

F I L E D

Clerk of the Superior Court

DEC 0 7 2011

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

11   GAIL HAHN, individually and on behalf of all other
     similarly situated California Residents

12

13                                    Plaintiff,

14

15            v.

16   MASSAGE ENVY FRANCHISING, LLC, a Delaware
     Limited Liability Company; MASSAGE ENVY, LLC,
17   a Delaware Limited Liability Company,

18                                    Defendants.

19

20

21

22

23

24

25

26

27

28

Case No. **37-2011-00102080-CU-BT-CTL**

CLASS ACTION COMPLAINT FOR:

(1) VIOLATION OF CAL. BUS. &
    PROF. CODE § 17200 FOR
    "UNLAWFUL" BUSINESS
    PRACTICES

(2) VIOLATION OF CAL. BUS. &
    PROF. CODE § 17200 FOR
    "UNFAIR" BUSINESS PRACTICES

(3) VIOLATION OF THE IMPLIED
    COVENANT OF GOOD FAITH
    AND FAIR DEALING

**JURY TRIAL DEMANDED**

CLASS ACTION COMPLAINT

Plaintiff Gail Hahn ("Plaintiff") alleges as to herself based on her own experience, and as to all other allegations, based upon the investigation of counsel, which included, *inter alia*, a review of complaints, reports, advisories, press releases, and media reports about defendants Massage Envy Franchising, LLC and Massage Envy, LLC (collectively "Massage Envy" or "Defendants").

## I.   INTRODUCTION

1.     Massage Envy is a membership based massage franchise that allows its consumer members to receive one fifty minute massage per month, in consideration for a monthly fee of approximately $60.00.  Any unused, paid massages are available for Plaintiff and the Class[1] to redeem at any time thereafter, provided the Class member's account with Massage Envy remains paid-current.  When Class members fail to remain current on monthly payments, all previously paid-for massages that have not been redeemed are summarily and irreversibly forfeited.

2.     Massage Envy's contractual forfeiture of paid-for massages upon Class members' failure to make timely payments constitute penalty liquidated damages improperly within consumer contracts, as prohibited by California Civil Code § 1671(c) and (d).  Massage Envy's forfeiture of accrued Class member benefits is thus an "unlawful" and "unfair" business practice violating California's Unfair Competition Law (the "UCL," CAL. BUS. & PROF. CODE § 17200 *et seq.*), as well as a breach of the implied covenant of good faith and fair dealing by Defendants. This class action accordingly seeks restitution and/or reinstatement of forfeited benefits, injunctive relief preventing the reoccurance of Defendants' improper conduct, and such other relief as allowed by law or equity.

## II.  JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to Article 6, § 10 of the California Constitution, California Business and Professions Code § 17203, Civil Code § 1780(d) and Code of Civil Procedure §§ 382 and 410.10.

---

[1] As specified in paragraph 23 below, the Class pled herein is defined as: "All California residents, from December 7, 2007 to the present, who were enrolled in a Massage Envy membership program and forfeited paid-for massages because they did not keep their membership current by making timely payments."

4.    This Court has jurisdiction over Defendants because it they are registered to conduct, and do conduct, substantial business within California and San Diego including the sale of consumer massage services to Plaintiff and the California Class.

5.    Venue is proper in this Court pursuant to Code of Civil Procedure § 395 because Plaintiff contracted with Defendant to perform massage services in this County, and a substantial or significant portion of the conduct complained of herein occurred and continues to occur within this County.  Massage Envy operates retail massage studios in this County and, Defendant's improper business practices and wrongful acts occurred, and continue to occur in San Diego County.

III.    **PARTIES**

A.    **PLAINTIFF'S EXPERIENCE WITH DEFENDANT**

6.    Plaintiff Gail Hahn is, and at all times relevant hereto was, a resident of Lakeside, California, County of San Diego, and a citizen of California.

7.    On or about September 13, 2008, Plaintiff signed a standardized contract with Massage Envy that provided for one $59.00 massage per month.  Plaintiff's contract with Massage Envy had an initial term of 12 months (from September 13, 2008 until October 13, 2009), with an automatic renewal clause that continued the contract month-to-month until cancelled.

8.    As specified by the contract, Plaintiff was charged and paid for approximately twenty three (23) massages, once each month from September 2008 through August 2010.  However, Plaintiff redeemed approximately two (2) of the massages that she paid for prior to cancellation of her membership on or about February 2009.

9.    On or about February 2009, Plaintiff called her Massage Envy clinic to cancel her contract, and was informed that her membership with Massage Envy was cancelled. However, monthly massage charges continued to appear on Plaintiff's credit card statement.  On or about March 2009, Plaintiff was told by her Massage Envy clinic that they did not have record of Plaintiff's cancellation, and that Plaintiff would have to provide a written request to cancel her contract.  On or about March 2009, Plaintiff complied and sent a letter to her Massage Envy clinic requesting her contract be cancelled.  Massage Envy refused to cancel Plaintiff's contract despite Plaintiff's clear compliance with the cancellation procedures in the contract.  Plaintiff subsequently

1  refused to authorize further Massage Envy charges to her credit card. Defendant then forwarded

2  Plaintiff's purported "debt" for collections activites. Plaintiff has been refused redemption of the

3  massages she previously bought. Plaintiff has accordingly experienced loss, cost, damage and

4  expense in California as a direct and proximate result of Defendants' practices as complained of

5  herein.

6       10.    Plaintiff's contract with Massage Envy does not contain an arbitration clause.

7  **B.    DEFENDANTS**

8       11.    Defendant Massage Envy Franchising, LLC ("Massage Franchising") is a Delaware

9  Limited Liability Company with its principal place of business at 14350 North 87th Street, Suite

10  200, Scottsdale Arizona, 85260.   Massage Franchising is the franchisor and principal for all

11  Massage Envy clinics in California.  Massage Franchising contractually requires all the Massage

12  Envy clinics in California to include certain material terms in membership agreements, including

13  the requirement that paid-for massages be forfeited if a customer's membership is not paid current.

14  Massage Franchising owns all customer accounts and corresponding information, and permits

15  customers to redeem their paid massages at any Massage Envy clinic in the nation. In addition,

16  Massage Franchising maintains operational control over most, if not all, aspects of its California

17  clinics, including but not limited to, the "System Standards" applied through Massage Franchising's

18  "Operations Manual." This Manual governs the standards, specifications, operating procedures and

19  rules for Massage Envy clinics including, all products and services clinics can (and cannot) sell,

20  pricing of goods and services, location (and relocation) of clinics, hiring of real estate broker(s) and

21  clinic lease or purchase terms, staffing levels, employee qualifications and training protocols, dress

22  and appearance standards for employees, and marketing protocols.  In addition, the Massage Envy

23  Franchise Agreement gives Massage Franchising the right to cancel clinics' Franchise Agreement if

24  they do not continually maintain Massage Envy's prescribed standards.

25       12.    Massage Franchising is the successor in interest to Massage Envy Limited, LLC,

26  founded as an Arizona LLC in 2002, that franchised the California clinics from February 2003

27  through December 2009. In 2008, Massage Envy Limited LLC was sold to Veria Network, a Texas

28  subsidiary of the Essel Group, a multi-billion-dollar consortium based in India.  In January 2010,

CLASS ACTION COMPLAINT                        - 3 -

1   Veria sold Massage Envy Limited LLC to Sentinal Capital Partners, a private equity firm
2   headquartered in New York City.

3        13.   Defendant Massage Envy, LLC ("Massage LLC") is a Delaware Limited Liability
4   Company with its principal place of business at 14350 North 87th Street, Suite 200, Scottsdale
5   Arizona, 85260. At all times relevant to this lawsuit, Massage LLC was and is the direct parent
6   corporation of defendant Massage Franchising, controlling each facet of Massage Franchising's
7   business and management operations including broad policy decisions, routine matters and day-to-
8   day functions.

9   **IV.   SUBSTANTIVE ALLEGATIONS**

10        14.   Massage Envy describes itself as a "pioneer and national leader of affordable
11   massage and spa services."  In 2002, Massage Envy created a massage business based upon the
12   "health club" membership model, whereby Class members pay a fee ranging from $49 to $59 per
13   month. In exchange, a massage is purchased.

14        15.   Massage Envy is the world's largest employer of licensed/registered massage
15   therapists, with more than 16,000 therapists providing over 250,000 massages every week. Massage
16   Envy claims to have provided over 30 million massages, in over 700 clinics in the United States,
17   making it the nation's largest massage chain. Massage Envy has over 1 million members at clinics
18   in 44 states, with approximately 132 Massage Envy locations in California.

19        16.   When a prospective customer first visits a Massage Envy clinic, they are offered a
20   massage at an introductory price. After the potential customer has received their massage,
21   Defendants' protocol is to offer the customer a Massage Envy membership.  To receive the
22   membership rate for massages, the potential customer must sign the standardized Massage Envy
23   contract (the "Membership Agreement"), that is offered as a one-time, take it or leave it
24   opportunity.

25        17.   Plaintiff and each member of the Class have signed a Massage Envy Membership
26   Agreement for personal, family, or household purposes. The Membership Agreement for Plaintiff
27   provides:

28

1    Your first monthly payment will be due on October 14, 2008 and then recur the same
     day each month hereafter until your membership expires or is terminated in
2    accordance with this agreement.

3                           *      *      *
     Your membership is auto-renewable. Following the initial term, your membership
4    will automatically continue on a month-to-month basis at $59.00 per month until your
     membership is cancelled or terminated as provided by the terms and conditions in this
5    agreement.

6    You have the entire term of the membership agreement to use all pre-paid massages.
     You may continue to redeem your pre-paid massages after the initial term of the
7    membership as long as your membership has been renewed and is current.
                           *      *      *
8    Your Dues Based membership entitles you to (1) one hour massage session in clinic
     per month during the term of your membership.
9                           *      *      *
     Your membership services must be active in order to redeem any membership
10   services including membership massages.

11                          *      *      *
     You agree to pay us for the membership, goods and services according to the
12   payment schedule.
                           *      *      *
13   Canceling your membership.  You may cancel this membership during the original
     term in the event that: (a) the member permanently relocates his or her residence
14   more than a 25 mile radius from any Massage Envy clinic; or (b) a physician certifies
     that a member is permanently disabled or unable to avail himself or herself of
15   massage services. All cancellation requests MUST be accompanied by written proof
     of relocation (i.e. Mortgage or Rental agreement, utility bill, car insurance, etc.) or
16   submission of Doctor's note if medical reason is stated. Upon approval of your
     cancellation during the initial membership term, you will be relieved from making
17   any future membership dues payments. ... You are responsible for any and all
     membership fees incurred until you cancel your membership in accordance with the
18   terms of this agreement.

19   We reserve the right to terminate or deny reenrollment for an indeterminate amount
     of time if a customer has an unsatisfactory payment history.
20
     The Massage Envy Membership Agreement of each Class member is identical or functionally
21
     identical in its material terms.  Massage Envy uniformly interprets its Membership Agreement to
22
     provide that if a Class member has not paid all charges when due, they cannot redeem any pre-paid
23
     massages until all past-due membership charges have been paid. If a member does not pay all past-
24
     due membership charges (which continue to accrue), they forfeit all paid-for massages.[2]
25

26   ──────────────
        [2] This is reinforced by Massage Envy's website, which provides that "You have the entire
27   length of your membership to use your membership services as long as your account is not frozen
     and in good standing. Any unused services will expire should you elect to cancel or not to renew
28   your   membership."   *See*   "http://www.massageenvy.com/membership/membership-terms-and-
     conditions.aspx"

CLASS ACTION COMPLAINT                                                    - 5 -

18.    Class members' failure to make timely payments constitutes a breach of the Membership Agreement. The Membership Agreement's provision for forfeiture of paid massages are "liquidated damages" because they are triggered by Class members' failure to perform the contractual covenant of timely payment, and because Massage Envy's records allow computation of the dollar value of massages forfeited.

19.    Defendants made no attempt to determine what their damages would be in the event of untimely payment by Class members. Instead, the forfeiture clause in Defendants' Membership Agreement was adopted and utilized by Defendants to compel timely payment, penalize non-payment, and as a means to unjustly increase revenue without having to provide massage services (i.e., as a means to generate unfair profits).

20.    Forfeiture is compelled without regard, and disproportionate to the actual damages (if any) sustained by Massage Envy in the event of untimely payment. This is because Massage Envy suffers no actual damage when consumers cancel their Membership Agreement or fail to make timely payments pursuant to the Membership Agreement.

21.    The value of the forfeited massages bear no relation to any damage that could reasonably be anticipated by Massage Envy, as Class members' failure to timely pay for *additional* massages when due, are separate obligations from *past, paid* massages. There is no justification for Massage Envy's forfeiture procedures other than to reap unjust profits at consumer expense.

22.    Plaintiff and each member of the Class have paid Massage Envy for massages that they cannot redeem because their memberships with Defendants are no longer paid current. Massage Envy's practice of forfeiting paid-for customer massages is the source of thousands of internet complaints.

## V.    CLASS ACTION ALLEGATIONS

23.    Plaintiff brings this action as a class action pursuant to California Code of Civil 382 for the following Class of persons:

> All California residents, from December 7, 2007 to the present, who were enrolled in a Massage Envy membership program and forfeited paid-for massages because they did not keep their membership current by making timely payments.

Excluded from the Class are all legal entities, Defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant, as well as any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff.

24.     The members of the Class are so numerous that joinder of all Class members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time and will be ascertained through appropriate discovery, Plaintiff is informed and believes that there are thousands of members in the proposed Class.  Defendants require each of their California clinics to install Massage Envy's proprietary software called "Millennium 2009" (or the current update), which Massage Franchising sublicenses to its California clinics.  This software is used for member management and accounting, point of sale, cash register, and credit card processing functions.  Massage Envy has independent, unlimited access to the information generated and tracked by the computer systems of its California clinics, including information generated from Millennium 2009 (or the current update).  Thus, Defendants can readily obtain information to identify members of the Class, as well as the number of massages that Class members have forfeited, such that members of the Class can be identified from records maintained by Defendants.

25.     Each Class member paid Defendants a certain number of monthly membership charges, from which the number of redeemed massages can be deducted to determine Class-wide restitution and/or damages and/or reinstated massages as maintained in Defendants' records.

26.     Plaintiff's claims are typical of the claims of the other members of the Class.  All members of the Class have been and/or continue to be similarly affected by Defendants' wrongful conduct as complained of herein, in violation of California law.  Plaintiff has no interests adverse to the Class.

27.     Plaintiff will fairly and adequately protect the Class members' interests and has retained counsel competent and experienced in consumer class action lawsuits and complex litigation.

28.     Defendants have acted with respect to the Class in a manner generally applicable to each Class member. Common questions of law and fact exist as to all Class members and

predominate over any questions wholly affecting individual Class members. There is a well-defined community of interest in the questions of law and fact involved in the action, which affect all Class members. Among the questions of law and fact common to the Class are, *inter alia*:

(a)     Whether Defendants are parties to membership agreements with Plaintiff and the Class and/or are liable for the actions of their California clinics;

(b)     Whether Defendants' contractual clauses requiring forfeiture of paid massages are (void) liquidated damage clauses within the meaning of California Civil Code § 1671;

(c)     Whether Defendants' recurring billing for non-current accounts for massages that cannot be used by Plaintiff and the Class because their accounts are not paid current constitute (void) liquidated damage clauses within the meaning of California Civil Code § 1671;

(d)     Whether Defendants' contractual forfeiture of paid massages constitutes "unlawful" or "unfair" business acts or practices under, *inter alia*, CAL. BUS. & PROF. CODE §§ 17200, including:

        (i)     Whether Defendants' contractual forfeiture of paid massages constitute "unfair" business practices because: consumer injury outweighs any countervailing benefits to consumers or competition, and because such injury could not be reasonably avoided by consumers;

        (ii)     Whether Defendants' contractual forfeiture of paid massages constitute "unlawful" or "unfair" business practices by violating established public policy as embodied by California Civil Code § 1671;

        (iii)     Whether Defendants' contractual forfeiture of paid massages constitute "unfair" business practices because they are immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers;

(e)     The nature and extent of damages, equitable remedies, and injunctive relief to which Plaintiff and the Class are entitled;

(f)     Whether Plaintiff and the Class should be awarded attorneys' fees and the costs of suit for Defendants' violations of the UCL, and Code of Civil Procedure § 1671;

CLASS ACTION COMPLAINT                                                                                           - 8 -

29.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for Class members to individually redress the wrongs done to them.  There will be no difficulty in managing this action as a class action.

30.     Defendants have acted on grounds generally applicable to the entire Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
## FOR "UNLAWFUL" BUSINESS PRACTICES IN VIOLATION OF THE UCL

31.     Plaintiff incorporates by reference and realleges each and every paragraph alleged above as though fully alleged herein.

32.     California Business and Professions Code § 17200, *et seq.* prohibits acts of unfair competition which includes "unlawful . . .business act[s] or practice[s]." The contractual requirement in Plaintiff and each member of the Class' Membership Agreement forfeiting paid-for massages in the event their account is not current, constitutes void liquidated damages in consumer contracts pursuant to California Civil Code § 1671 subsections (c) and (d), and are therefore "unlawful" and "unfair" business practices in violation of the UCL.

33.     The contractual requirement in Plaintiff and each member of the Class' Membership Agreement forfeiting paid-for massages in the event of failure to keep their account current, constitutes an unconscionable contract clause pursuant to California Civil Code § 1670.5, and is therefore an "unlawful" and "unfair" business practice in violation of the UCL.

34.     As a direct and proximate result of Defendants' "unlawful" business practices as alleged herein, Plaintiff has been wrongfully deprived of money or property.  Plaintiff suffered injury-in-fact as a result of Defendants' forfeiture of her paid massages by being charged, and paying for, unrefunded Massage Envy membership charges.

35.    Accordingly, Defendants received and are in possession of excessive and unjust revenues and profits, and/or have caused Plaintiff and other Class members to lose money or property directly as a result of Defendants' wrongful acts and practices.

36.    As a result of the above unlawful acts and practices of the Defendants, Plaintiff, on behalf of herself and all others similarly situated, and as appropriate, on behalf of the general public of the state of California, seeks injunctive relief prohibiting Defendants continuing these wrongful practices, and such other equitable relief, including full restitution of unredeemed massage charges and the disgorgement of all improper revenues and ill-gotten profits derived from their wrongful conduct to the fullest extent permitted by law, and/or reinstatement of forfeited massages. Additionally, Plaintiff requests that the Court award all members of the Class, who were of the attained age of 65 at the time of the Defendants' unlawful forfeiture of massages as alleged herein, to receive a statutory trebling of their restitutionary award pursuant to CAL. CIV. CODE § 3345.

**SECOND CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**FOR "UNFAIR" BUSINESS PRACTICES IN VIOLATION OF THE UCL**

37.    Plaintiff incorporates by reference and realleges each and every paragraph alleged above as though fully alleged herein.

38.    California Business and Professions Code § 17200, *et seq.* prohibits acts of unfair competition which includes "unfair . . .business act[s] or practice[s]." Defendants contractual forfeiture of Plaintiff and the Class' paid-for massages constitute "unfair" business practices because: the injury to Plaintiff and the Class outweighs any countervailing benefits to consumers or to competition, and because such injury could not be reasonably avoided by Plaintiff and the Class because .

39.    Defendants' forfeiture of forfeiture of Plaintiff and the Class' paid-for massages constitute "unfair" business practices by violating established public policy as embodied by California Civil Code sections 1670.5 and 1671, and is otherwise oppressive, unscrupulous, unconscionable, and substantially injurious to Plaintiff and the Class.  The gravity of the harm to Plaintiff and the Class outweighs any countervailing benefits to Defendants or to competition.

1    40.    Defendants' forfeiture of Plaintiff and the Class' paid massages constitute "unfair"

2    business practices because law and equity abhor forfeitures.

3    41.    As a direct and proximate result of Defendants' "unfair" business practices as

4    alleged herein, Plaintiff has been wrongfully deprived of money or property.   Plaintiff suffered

5    injury-in-fact as a result of Defendants' forfeiture of her paid massages by being charged, and

6    paying for, unrefunded Massage Envy membership charges.

7    42.    Accordingly, Defendants received and are in possession of excessive and unjust

8    revenues and profits, and/or have caused Plaintiff and other Class members to lose money or

9    property directly as a result of Defendants' wrongful acts and practices.

10    43.    As a result of the above unlawful acts and practices of the Defendants, Plaintiff, on

11    behalf of herself and all others similarly situated, and as appropriate, on behalf of the general public

12    of the state of California, seeks injunctive relief prohibiting Defendants continuing these wrongful

13    practices, and such other equitable relief, including full restitution of unredeemed massage charges

14    and the disgorgement of all improper revenues and ill-gotten profits derived from their wrongful

15    conduct to the fullest extent permitted by law, and/or reinstatement of forfeited massages.

16    Additionally, Plaintiff requests that the Court award all members of the Class, who were of the

17    attained age of 65 at the time of the Defendants' unlawful forfeiture of massages as alleged herein,

18    to receive a statutory trebling of their restitutionary award pursuant to CAL. CIV. CODE § 3345.

19                                **THIRD CAUSE OF ACTION**
     **AGAINST ALL DEFENDANTS FOR BREACH OF THE IMPLIED COVENANT OF**
20                              **GOOD FAITH AND FAIR DEALING**

21    44.    Plaintiff incorporates by reference and realleges each and every paragraph alleged

22    above as though fully alleged herein.

23    45.    Plaintiff and each Class member entered into a Membership Agreement with

24    Massage Envy, which contains as a matter of law an implied covenant of good faith and fair dealing

25    to deal honestly.

26    46.    Plaintiff and each member of the Class paid Massage Envy monthly membership

27    charges pursuant to the Membership Agreement that they did not use.   Plaintiff and each member of

28

CLASS ACTION COMPLAINT                                                    - 11 -

1  the Class are excused from using paid-for massages during the active term of their membership

2  pursuant to California Civil Code § 1671(c) and (d).

3    47.    No additional conditions besides payment of membership charges are contractually

4  required of Plaintiff and the Class for Defendants to perform the massage services for Plaintiff and

5  the Class.

6    48.    Massage Envy interferes with and frustrates Plaintiff and the Class' ability to redeem

7  paid-for massages by forfeiting Plaintiff and the Class' paid-for massages when Plaintiff and the

8  Class memberships are not current.

9    49.    As a direct and proximate result of Defendants' breaches of the implied covenant of

10  good faith and fair dealing, Plaintiff and each member of the Class have sustained loss, cost,

11  damage and expense in an amount to be proved at the trial of this matter.

12  **VI.    PRAYER FOR RELIEF**

13    WHEREFORE, Plaintiff and the Class pray for relief and judgment as follows:

14    A.    For an order declaring that this action is properly maintained as a class action and

15  certifying a class representative in accordance with Rule 382 of the California Code of Civil

16  Procedure, appointing Plaintiff as representative for the Class, and appointing Plaintiff's counsel as

17  Class counsel;

18    B.    For an order awarding Plaintiff and the members of the Class damages, restitution

19  and/or disgorgement, an injunction prohibiting Defendants' forfeiture of massages, and/or other

20  equitable relief as the Court deems proper, including but not limited to reinstatement of Plaintiff and

21  the Class' paid massages, and the imposition of a constructive trust upon Defendants' revenues

22  resulting from the unlawful and unfair business acts and practices described herein;

23    C.    For an order enjoining Defendants from continuing to engage in the unlawful and

24  unfair business acts and practices as alleged herein;

25    D.    For treble recovery on all restitutionary awards to senior citizen members of the

26  Class pursuant to CAL. CIV. CODE § 3345;

27    E.    For an order awarding Plaintiff and the members of the Class pre-judgment and post-

28  judgment interest;

CLASS ACTION COMPLAINT                                                               - 12 -

1        F.     For an order awarding attorneys' fees and costs of suit, including experts' witness

2  fees as permitted by law; and

3        G.     Such other and further relief as this Court may deem just and proper.

4  **VII.**   **JURY TRIAL DEMAND**

5        Plaintiff demands a trial by jury for all of the claims asserted in this Complaint so triable.

6

7  Dated: December 7, 2011           Respectfully submitted,

8                      FINKELSTEIN & KRINSK LLP

9

10                      By

11                        William R. Restis

12                      Jeffrey R. Krinsk

13                      Mark L. Knutson
                      501 West Broadway, Suite 1250

14                      San Diego, CA 92101-3593
                      Telephone:  (619) 238-1333
                      Facsimile:  (619) 238-5425

15                      Email:  wrr@classactionlaw.com

16                      Counsel for Plaintiff and the Class

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State number, and address):*<br>William R. Restis, SBN 246823<br>FINKELSTEIN & KRINSK,LLP<br>501 West Broadway, Suite 1250<br>San Diego, CA 92101<br>TELEPHONE NO: 619-238-1333   FAX NO: 619-238-5425<br>ATTORNEY FOR *(Name):* GAIL HAHN | FOR COURT USE ONLY<br><br>FILED<br>CIVIL BUSINESS<br>CENTRAL<br><br>Clerk of the Superior Court<br>2011 DEC -7 P<br>DEC 0 7 2011<br><br>CLERK-SUPER<br>SAN DIEGO COUNT |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central

CASE NAME:
GAIL HAHN v. MASSAGE ENVY FRANCHISING, LLC, et al

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER:<br>37-2011-00102080-CU-BT-CTL |
|---|---|---|
| ☑ Unlimited    ☐ Limited<br>(Amount            (Amount<br>demanded          demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☑ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is    ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐  Large number of separately represented parties    d. ☐  Large number of witnesses
   b. ☐  Extensive motion practice raising difficult or novel    e. ☐  Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. ☑  Substantial amount of documentary evidence    f. ☐  Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify):* 3
5. This case ☑ is    ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/7/11

William R. Restis
_____                            ▶ _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all**
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                                                    Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVE... SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
CIVIL BUSINESS ~~~
CENTRAL ~~~

2011 DEC -7 P

CLERK-SUPER~~~
SAN DIEGO COUNTY ~~~
F I L E D

Clerk of the Superior Court

DEC 0 7 2011

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MASSAGE ENVY FRANCHISING, LLC, a Delaware Limited Liability Company; MASSAGE ENVY, LLC, a Delaware Limited Liability Company

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GAIL HAHN, individually and on behalf of all other similarly situated California Residents

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court

330 West Broadway
San Diego, CA 92101

CASE NUMBER
*(Número del Caso):*

**37-2011-00102080-CU-BT-CTL**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William R. Restis, 501 West Broadway, Ste. 1250, San Diego, CA 92101 (619) 238-1333

| | | |
|---|---|---|
| DATE: **DEC 0 7 2011**<br>*(Fecha)* | Clerk, by **M. Jussila**<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
             ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7060 | |

| |
|---|
| PLAINTIFF(S) / PETITIONER(S):   Gail Hahn |
| DEFENDANT(S) / RESPONDENT(S):   Massage Envy Franchising et.al. |
| HAHN VS. MASSAGE ENVY FRANCHISING |

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: |
|---|---|
| | 37-2011-00102080-CU-BT-CTL |

Judge:  Lisa Foster                                                       Department: C-60

**COMPLAINT/PETITION FILED:** 12/07/2011

### ALL CASES MUST COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW, EXCEPT FOR PARKING CITATION APPEALS

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except:  small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.)  (SDSC Local Rule 2.1.6)

DEFAULT:  If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.  (SDSC Local Rule 2.1.7)

CASE MANAGEMENT CONFERENCE:  A Case Management Conference will be set within 150 days of filing the complaint.

ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE.  PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION.  IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730)

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central<br>TELEPHONE NUMBER: (619) 450-7060 | |

| PLAINTIFF: Gail Hahn |
|---|
| DEFENDANT: Massage Envy Franchising et.al. |
| Short Title: Hahn vs. Massage Envy Franchising [IMAGED] |

| NOTICE OF CASE REASSIGNMENT | CASE NUMBER:<br>37-2011-00102080-CU-BT-CTL |
|---|---|

**Filed :** 12/07/2011

### EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED

to Judge Gonzalo Curiel, in Department C-60

due to the following reason:   Judicial Reassignment

All subsequent documents filed in this case must include the name of the new judge and the department number on the first page immediately below the number of the case. All counsel and self-represented litigants are advised that Division II of the Superior Court Rules is strictly enforced. It is the duty of each plaintiff (and cross-complainant) to serve a copy of this notice with the complaint (and cross-complaint).

**NOTICE OF CASE REASSIGNMENT**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

---

**SHORT TITLE:** Hahn vs. Massage Envy Franchising [IMAGED]

---

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: |
| | **37-2011-00102080-CU-BT-CTL** |

---

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF CASE REASSIGNMENT was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 01/07/2012. The mailing occurred at Sacramento on 01/09/2012.

Clerk of the Court, by: _Sharon Bristow_ , Deputy
                                   S. Bristow

JEFFREY  R KRINSK
FINKELSTEIN & KRINSK LLP
501 W BROADWAY  # 1250
SAN DIEGO, CA 92101-3579

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**



# Superior Court of California
# County of San Diego

# NOTICE OF ASSIGNMENT
# TO IMAGING DEPARTMENT

   **This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed.  Original documents should not be filed with pleadings.  If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

   On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program").  As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file.  The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.  This Program will be expanding to other civil courtrooms over time.

   You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150.  The paper filing will be imaged and held for 90 days.  After that time it will be destroyed and recycled.  **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.**  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

   It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

   All parties are ordered to place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to General Order 072511 for more details.
# The General Order may be obtained from the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/pls/portal/docs/page/sdcourt/civil2/civilimaging/order072511.pdf

982.8(2)(N)

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF <u>SAN DIEGO</u> | FOR COURT USE ONLY |
|---|---|
| JUDICIAL DISTRICT OR BRANCH COURT: Central<br>MAILING ADDRESS : 330 W Broadway<br>STREET ADDRESS : 330 W Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101-3827<br>TELEPHONE NUMBER:: (619) 236-3781 | 12/07/2011 |

## NOTICE OF HEARING ON REQUEST FOR TRANSFER OR EXTENSION OF TIME FOR RETENTION OF SUPERIOR COURT RECORDS; COURT ORDER; RELEASE AND RECEIPT OF SUPERIOR COURT RECORDS

TO: _____

*(Name or names of organizations requesting transfer of superior court records to their possession or for an extension of the time for retention of the records)*

### NOTICE OF HEARING

1. ☐  A hearing will be held on your request for an order by the presiding judge for **transfer** of some or all of the superior court records to your possession.

2. ☐  A hearing will be held on your request for an order by the presiding judge for an **extension of time** for the destruction of some or all of the superior court records.

3. The hearing will be held:

| Date: | Time: | Dept: | Room: |
|---|---|---|---|

The address of the court is shown above.

4. ☐  No hearing on your request for an order by the presiding judge for transfer of some or all of the superior court records will be held.

### ORDER

GOOD CAUSE APPEARING:

1. ☐  Grant request of *(name of organization):*                               to transfer to your possession
   - ☐  all superior court records specified in the Request for Transfer or Extension of Time for Retention of Superior Court Records
   - ☐  the following superior court records only *(specify records to be transferred):*

   a.  The records shall be made reasonably available for inspection to all members of the public and provision shall be made for duplicating the records at cost.
   b.  Costs for transferring the records shall be paid by the requesting party.

2. ☐  Grant request of *(name of organization):*
   *to extend until (date):*                               the destruction of
   - ☐  all superior court records specified in the Request for Transfer or Extension of Time for Retention of Superior Court Records
   - ☐  the following superior court records only *(specify records to be held):*

3. ☐  Deny request of *(name of organization):*
   for transfer of some or all of the superior court records to your possession.

4. ☐  Deny request of *(name of organization):*
   for an extension of time for the destruction of some or all of the superior court records.

5. ☐  Other orders *(specify):*

Date: _____        _____
                                PRESIDING JUDGE OF THE SUPERIOR COURT
                    (See reverse for Release and Receipt of Superior Court Records)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>982.8(2)(N) [Rev. January 1, 2001] | **NOTICE OF HEARING ON REQUEST FOR TRANSFER OR EXTENSION OF TIME FOR RETENTION OF SUPERIOR COURT RECORDS; COURT ORDER; RELEASE AND RECEIPT OF SUPERIOR COURT RECORDS** | Rule 6.756<br><br>Page: 1 |
|---|---|---|

982.8(2)(R)

| NAME OF COURT AND JUDICIAL DISTRICT OR BRANCH COURT, IF ANY:<br><br>Central<br>330 W Broadway<br>330 W Broadway<br>San Diego, CA 92101-3827<br>(619) 236-3781 | *FOR COURT USE ONLY* |
|---|---|
| **RELEASE AND RECEIPT OF SUPERIOR COURT RECORDS** | 12/07/2011 |

## RELEASE OF SUPERIOR COURT RECORDS

The following superior court records were released to *(name of person and organization):*

in compliance with the court order of *(date):*

Record Type                    Description

Date:                                          Clerk, by _____ , Deputy

## RECEIPT

I acknowledge receipt of the superior court records described above.

*FOR COURT USE ONLY*

Date:                                          Name and address of organization:

▶ ............................................................
     (SIGNATURE)

Your Name:
Title:
Telephone:
Fax:

Form Adopted for Mandatory Use
Judicial Council of California
982.8(2)(R) [Rev. January 1, 2001]

**RELEASE AND RECEIPT OF SUPERIOR COURT RECORDS**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

PLAINTIFF(S):   Gail Hahn

DEFENDANT(S): Massage Envy Franchising et.al.

SHORT TITLE:   HAHN VS. MASSAGE ENVY FRANCHISING

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2011-00102080-CU-BT-CTL |
|---|---|

Judge: Lisa Foster                                                                Department: C-60

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                ☐ Non-binding private arbitration

☐ Mediation (private)                              ☐ Binding private arbitration

☐ Voluntary settlement conference (private)     ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____                _____
Name of Plaintiff                                Name of Defendant

_____                _____
Signature                                        Signature

_____                _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____                _____
Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  12/07/2011                               _____
                                                 JUDGE OF THE SUPERIOR COURT



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2011-00102080-CU-BT-CTL      CASE TITLE: Hahn vs. Massage Envy Franchising [IMAGED]

<u>NOTICE</u>: **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
                **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
                **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
                **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**<u>Potential Advantages and Disadvantages of ADR</u>**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Gives parties more control over the dispute resolution process and outcome | |
| • Preserves or improves relationships | |

**<u>Most Common Types of ADR</u>**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.