UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL HAHN, individually and on behalf of all other similarly situated California residents, | Civil No. 12cv153-CAB (BGS) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO REMAND AND WITHDRAWING MOTION TO DISMISS WITHOUT PREJUDICE** |
| MASSAGE ENVY FRANCHISING LLC, a Delaware limited liability company; MASSAGE ENVY, LLC, a Delaware limited liability company, | **[Doc. Nos. 6, 7]** |
| Defendants. | |

Currently before the Court is Plaintiff's Motion to Remand this matter to state court. [Doc. No. 7.] The Defendants opposed the motion [Doc. No. 9,] and Plaintiff filed a reply. [Doc. No. 14.] The Court found the matter suitable for submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). [Doc. No. 15.] Also pending before the Court is Defendants' Motion to Dismiss for failure to state a claim. [Doc. No. 6.] Prior to transferring this case to the undersigned, Judge Anello vacated the hearing date on that motion pending resolution of the motion to remand. [Doc. No. 10.] Because the hearing was vacated, that motion has not yet been fully briefed.

Upon consideration of the briefing of the parties and for the reasons set forth below, the motion to remand [Doc. No. 7] is **DENIED**. In light of the passage of time, the Court deems Defendant's Motion to Dismiss to be **WITHDRAWN** without prejudice. Defendants

may **REFILE** an updated motion, or otherwise responsive pleading, on or before **March 15, 2013.**

## I.  BACKGROUND

Plaintiff filed this class action in California Superior Court in December of 2011. Defendants timely removed it to this Court in January under the Class Action Fairness Act ("CAFA"). [Doc. No. 1.] Plaintiff's claims arise from her membership in Massage Envy, a membership-based massage franchise that allows its member to receive one 50 minute massage per month in consideration for a monthly fee of $59.00. [Doc. No. 1-3 ("Compl."), ¶ 1.] All unused massages accrue and are available to redeem at any time, provided that the member's account with Massage Envy remains paid-current. *Id.* Plaintiff alleges that when members do not remain current on their monthly payments, all previously paid-for, unused, and accrued massages are forfeited. *Id.*

Plaintiff asserts three claims for relief: 1) unlawful business practices under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.("UCL"); 2) unfair business practices under the UCL, and 3) breach of the implied covenant of good faith and fair dealing. Specifically, she claims that Defendants' practice of forfeiting paid massages is punitive and constitutes improper liquidated damages within a consumer contract, as prohibited by Cal. Civ. Code § 1671 (c) and (d). [Compl. at ¶ 2 ]

Plaintiff filed the instant class action on behalf of "all California residents from December 7, 2007 to the present, who were enrolled in a Massage Envy membership program and forfeited paid-for massages because they did not keep their membership current by making timely payments." *Id.* at ¶ 23.

## II.  ANALYSIS

In support of removal, Defendants submitted their Chief Legal Officer Jeffrey Frankel's declaration, which estimated "the total value of these members' unused monthly massages (at a rate of $59 per massage) to be in excess of $5,000,000, exclusive of interest and costs." [Doc. 1-4 at ¶ 8.]

Plaintiff moved to remand the matter back to state court, claiming that Defendants

failed to meet their burden to establish that the amount in controversy exceeds $5,000,000 because Frankel's declaration did not separate out members who affirmatively cancelled memberships as opposed to those whose memberships were terminated for failure to pay. Thus, Plaintiff argued that the total figure used to support the amount in controversy included non-class members, Defendants did not meet their burden. *Id.*

Without adopting Plaintiff's narrow class definition, Defendants submitted a supplemental declaration from Mr. Frankel which states that he recalculated the estimated damages, this time excluding "those whose accounts were cancelled but not past-due," and determined that $5 million amount in controversy requirement was still met. [Doc. No. 13 at ¶ 6.] Plaintiff did not contest Mr. Frankel's calculations in her reply. [Doc. No. 14 at 2.]

Where, as here, a complaint does not allege a specific amount in controversy, the removing party must establish that the minimum amount in controversy is met by a preponderance of the evidence. *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). The Court finds that Defendants' supplemental declaration stating that the damages alleged on behalf of the putative class exceeds the $5,000,000 jurisdictional minimum is sufficient to establish by a preponderance of the evidence that this Court has jurisdiction over this matter, and that the matter was properly removed. The motion to remand is therefore **DENIED**.

Since over a year has passed since the Defendants filed their motion to dismiss, which due to an oversight of the court has yet to be fully briefed, the Court finds it appropriate for the motion to be deemed withdrawn without prejudice. Defendants may refile their motion as originally filed, or file an updated motion or other responsive pleading, on or before **March 15, 2013**.

/

/

/

/

/

12cv153

### III.   CONCLUSION

For the reasons set forth above, the motion to remand [Doc. No. 7] is **DENIED**.  In light of the passage of time, the Court deems Defendant's Motion to Dismiss to be **WITHDRAWN** without prejudice.  Defendants may **REFILE** its motion, an updated motion, or otherwise responsive pleading on or before **March 15, 2013.**

**IT IS SO ORDERED.**

DATED:  February 22, 2013

_____
**CATHY ANN BENCIVENGO**
United States District Judge