1 | Jeffrey R. Krinsk  (CA Bar No. 109234)
jrk@classactionlaw.com
2 | Mark L. Knutson  (CA Bar No. 131770)
mlk@classactionlaw.com
3 | William R. Restis (CA Bar No. 246823)
wrr@classactionlaw.com
4 | FINKELSTEIN & KRINSK LLP
501 West Broadway, Suite 1250
5 | San Diego, California 9210-3579
Telephone: (619) 238-1333
6 | Facsimile: (619) 238-5425

7 | Attorneys for Plaintiff
and the Putative Class

8

9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| GAIL HAHN, individually and on behalf of all other similarly situated California Residents | Case No. 3:12-cv-00153-DMS-BGS |
|---|---|
| | **FIRST AMENDED CLASS ACTION COMPLAINT FOR:** |
| Plaintiff, | **(1) VIOLATION OF CAL. BUS. & PROF. CODE § 17200 FOR "UNLAWFUL" BUSINESS PRACTICES** |
| v. | **(2) VIOLATION OF CAL. BUS. & PROF. CODE § 17200 FOR "UNFAIR" BUSINESS PRACTICES** |
| MASSAGE ENVY FRANCHISING, LLC, a Delaware Limited Liability Company, | **(3) BREACH OF CONTRACT - VIOLATION OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |
| Defendant. | **(4) DECLARATORY RELIEF PURSUANT TO THE DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201** |
| | **JURY TRIAL DEMANDED** |

Plaintiff Gail Hahn ("Plaintiff") alleges as to herself based on her own experience, and as to all other allegations, based upon the investigation of counsel, which included, *inter alia*, a review of complaints, reports, advisories, press releases, and media reports about defendant Massage Envy Franchising, LLC ("Massage Envy" or "Defendant").

## I.  INTRODUCTION

1.  Massage Envy is a membership based massage franchise that allows its consumer members to receive one fifty minute massage per month, in consideration for a monthly fee of approximately $60.00. When consumers are unable to schedule their monthly massages, all unused "pre-paid massages" accrue and can be redeemed by Plaintiff and Class members at any time after purchase. However, Defendant has inserted unconscionable provisions in its adhesion contract that require Plaintiff and Class members to continue to purchase additional monthly massages as a precondition to redeem the massages already purchased. When Class members cancel (the "Cancellation Class") or cease payment for monthly purchases of additional massages when those charges become due (the "Arrears Class"), all pre-paid massages that have not been redeemed are summarily and irreversibly forfeited.[1]

2.  Massage Envy's contractual forfeiture of pre-paid massages when Arrears Class members fail to make timely payments, constitute penalty liquidated damages within consumer contracts, as prohibited by California Civil Code § 1671(c) and (d). As to all Class members, Massage Envy's forfeiture of pre-paid

---

[1] As specified in paragraphs 29 and 30 below, the **Arrears Class** is defined as: "All California residents, from December 7, 2007 to the present, who were enrolled in a Massage Envy membership program and forfeited pre-paid massages because they did not keep their membership current by making timely payments."  The **Cancellation Class** is defined as: "All California residents, from December 7, 2007 to the present, who were enrolled in a Massage Envy membership program and forfeited pre-paid massages because they cancelled their Massage Envy account." When Plaintiff refers to "Class members" or the "Class", she is referring to both classes, unless otherwise indicated.

FIRST AMENDED CLASS ACTION COMPLAINT                    3:12-cv-00153-DMS-BGS

massages is prohibited by California Civil Code § 1442, which requires contract terms involving forfeiture to be "strictly interpreted against the party for whose benefit it is created," such that Defendant's contract is unconscionable and unenforceable under California Civil Code § 1670.5. These violations of law and public policy breach Massage Envy's implied covenant of good faith and fair dealing, and are "unlawful" and "unfair" business practices violating California's Unfair Competition Law (the "UCL," CAL. BUS. & PROF. CODE § 17200 *et seq.*) This class action accordingly seeks restitution and/or reinstatement of forfeited benefits, injunctive relief preventing the reoccurance of Defendant's improper conduct, declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, and such other relief as allowed by law or equity.

## II.   <u>JURISDICTION AND VENUE</u>

3.      The San Diego Superior Court has jurisdiction over this action pursuant to Article 6, § 10 of the California Constitution, California Business and Professions Code § 17203, Civil Code § 1780(d) and Code of Civil Procedure §§ 382 and 410.10.

4.      This Court has jurisdiction over the subject matter of this action pursuant to the Class Action Fairness Act, 28 U.S.C. §§1332(d), 1446, and 1453(b). Plaintiff alleges that Plaintiff and Class members are citizens of different states as Defendant, and the cumulative amount in controversy for Plaintiff and the Class exceed $5 million, exclusive of interest and costs.

5.      Venue is proper in this District pursuant to 28 U.S.C. §1391(a) and (c) because many of the acts and transactions giving rise to the violations of law complained of herein occurred in this District and because Defendant:

(a)      conducts business itself or through agent(s) in this district, by providing services to Class members located in this District; and/or

(b)      is licensed or registered in this District; and/or

(c)     otherwise have sufficient contacts with this District to justify Defendant being fairly brought into court in this District.

**III.    PARTIES**

    **A.    PLAINTIFF'S EXPERIENCE WITH DEFENDANT**

6.     Plaintiff Gail Hahn is, and at all times relevant hereto was, a resident of Lakeside, California, County of San Diego, and a citizen of California.

7.     On or about September 13, 2008, Plaintiff signed a standardized contract with Massage Envy that provided for one $59.00 massage per month. Plaintiff's contract with Massage Envy had an initial term of 12 months (from September 13, 2008 until October 13, 2009), with an automatic renewal clause that continued the contract month-to-month until cancelled.

8.     As specified by the contract, Plaintiff was charged and paid for approximately twenty three (23) massages, once each month from September 2008 through August 2010.  However, Plaintiff was able to redeem approximately two (2) of the massages that she purchased before attempting to cancel her membership on or about February 2009.

9.     On or about February 2009, Plaintiff called her Massage Envy clinic to cancel her contract. However, monthly massage charges continued to appear on Plaintiff's credit card statement. On or about March 2009, Plaintiff was told by her Massage Envy clinic that they did not have record of Plaintiff's attempt to cancel, and that Plaintiff would have to request cancellation in writing.  On or about March 2009, Plaintiff complied and sent a letter to her Massage Envy clinic requesting her contract be cancelled. Massage Envy refused to cancel Plaintiff's contract despite Plaintiff's clear compliance with the procedures provided by Massage Envy. Plaintiff subsequently refused to authorize further Massage Envy charges to her credit card. Defendant then forwarded Plaintiff's purported "debt" for collections activites. Plaintiff has been refused redemption of the massages she previously

FIRST AMENDED CLASS ACTION COMPLAINT          3:12-cv-00153-DMS-BGS

bought and has accordingly experienced loss, cost, damage and expense as a direct and proximate result of Defendant's practices as complained of herein.

10.    Plaintiff's contract with Massage Envy does not contain an arbitration clause.

**B.    DEFENDANT**

11.    Defendant Massage Envy is a Delaware Limited Liability Company with its principal place of business at 14350 North 87th Street, Suite 200, Scottsdale Arizona, 85260. Massage Envy is the franchisor and principal for all Massage Envy clinics in California. Massage Envy contractually requires all the Massage Envy clinics in California to include certain material terms in membership agreements, including the requirement that Plaintiff and the Class "agree to pay [Massage Envy] for the membership, goods and services according to the payment schedule," that Plaintiff and the Class "may continue to redeem your pre-paid massages after the initial term of the membership as long as your membership has been renewed and is current" and that Plaintiff and the Class' memberships "must be active in order to redeem any membership services including membership massages."

12.    Massage Envy owns all of Plaintiff and the Class' accounts and corresponding information, and permits Plaintiff and the Class to redeem their pre-paid massages at any Massage Envy clinic in the nation. In addition, Massage Envy maintains operational control over most, if not all, aspects of its California clinics, including but not limited to, the "System Standards" applied through Massage Envy's "Operations Manual." This Manual governs the standards, specifications, operating procedures and rules for Massage Envy clinics including, all products and services clinics can (and cannot) sell, pricing of goods and services, location (and relocation) of clinics, hiring of real estate broker(s) and clinic lease or purchase terms, staffing levels, employee qualifications and training protocols, dress and appearance standards for employees, and marketing protocols.  In addition, the

FIRST AMENDED CLASS ACTION COMPLAINT                    3:12-cv-00153-DMS-BGS

Massage Envy Franchise Agreement gives Massage Envy the right to cancel clinics' Franchise Agreement if they do not continually maintain Massage Envy's prescribed standards.

13.     Massage Envy is the successor in interest to Massage Envy Limited, LLC, founded as an Arizona LLC in 2002, that franchised the California clinics from February 2003 through December 2009. In 2008, Massage Envy Limited LLC was sold to Veria Network, a Texas subsidiary of the Essel Group, a multi-billion-dollar consortium based in India.  In January 2010, Veria sold Massage Envy Limited LLC to Sentinal Capital Partners, a private equity firm headquartered in New York City. In October 2012, Sentinal Capital Partners sold the Massage Envy franchise to Roark Capital Group.

14.     Dismissed Defendant Massage Envy, LLC ("Massage LLC") is a Delaware Limited Liability Company with its principal place of business at 14350 North 87th Street, Suite 200, Scottsdale Arizona, 85260. At all times relevant to this lawsuit, Massage LLC was and is the direct parent corporation of defendant Massage Franchising, controlling each facet of Massage Franchising's business and management operations including broad policy decisions, routine matters and day-to-day functions.

## IV.     SUBSTANTIVE ALLEGATIONS

### A.     ALLEGATIONS CONCERNING ALL CLASS MEMBERS

15.     Massage Envy describes itself as a "pioneer and national leader of affordable massage and spa services." Massage Envy is the world's largest employer of licensed/registered massage therapists, with more than 16,000 therapists providing over 250,000 massages every week. Massage Envy claims to have provided over 30 million massages, in over 700 clinics in the United States, making it the nation's largest massage chain. Massage Envy has over 1 million members at clinics in 44 states, with approximately 132 Massage Envy locations in California.

FIRST AMENDED CLASS ACTION COMPLAINT          3:12-cv-00153-DMS-BGS

16.    In 2002, Massage Envy created a massage business designed to mimick the "health club" membership model. However, unlike a health club, Plaintiff and Class members do not purchase *access to Massage Envy's facilities*, but instead purchase a pre-paid, transferrable massage in exchange for a monthly fee ranging from $49.00 to $59.00. The "membership" aspect of Defendant's business model arises from the recurring nature of Defendant's charges, not from any exclusivity members receive to Massage Envy's services. In fact, non-members can purchase anything from Defendant that Plaintiff and Class members can purchase.

17.    When a prospective customer first visits a Massage Envy clinic, they are offered a massage at an intoductory price. Immediately after the potential customer has received their massage and is in a relaxed (compromised) mental state, Defendant's protocol is to offer the consumer a Massage Envy membership. The potential customer must sign Massage Envy's standardized adhesion contract for recurring monthly massage purchases that is offered as a one-time, take it or leave it opportunity (the "Membership Agreement").

18.    Plaintiff and each Class member have signed a Massage Envy Membership Agreement for personal, family, or household purposes. The Membership Agreement for Plaintiff provides:

Your first monthly payment will be due on October 14, 2008 and then recur the same day each month hereafter until your membership expires or is terminated in accordance with this agreement.

\*    \*    \*

Your membership is auto-renewable. Following the initial term, your membership will automatically continue on a month-to-month basis at $59.00 per month until your membership is cancelled or terminated as provided by the terms and conditions in this agreement.

You have the entire term of the membership agreement to use all **pre-paid massages**. You may continue **to redeem** your **pre-paid massages** after the initial term of the membership as long as your membership has been renewed and is current.

\*    \*    \*

Your membership services must be active in order **to redeem** any membership services including membership massages.

FIRST AMENDED CLASS ACTION COMPLAINT          3:12-cv-00153-DMS-BGS

\*    \*    \*

<u>You agree to pay us for the membership, goods and services according to the payment schedule.</u>

\*    \*    \*

Canceling your membership.  You may cancel this membership during the original term in the event that: (a) the member permanently relocates his or her residence more than a 25 mile radius from any Massage Envy clinic; or (b) a physician certifies that a member is permanently disabled or unable to avail himself or herself of massage services. All cancellation requests MUST be accompanied by written proof of relocation (i.e. Mortgage or Rental agreement, utility bill, car insurance, etc.) or submission of Doctor's note if medical reason is stated. Upon approval of your cancellation during the initial membership term, you will be relieved from making any future membership dues payments. … You are responsible for any and all membership fees incurred until you cancel your membership in accordance with the terms of this agreement.

We reserve the right to terminate or deny reenrollment for an indeterminate amount of time if a customer has an unsatisfactory payment history.

(emphasis added).

19.    Each Class member's Massage Envy Membership Agreement is identical or functionally identical in its material terms. Even though the Membership Agreement does not expressly provide for forfeiture, Massage Envy uniformly interprets its Membership Agreement to provide that if a Class member has not paid all charges when due, and/or cancels their account, all "pre-paid massages" are forfeited. Even if Class members reinstate their Massage Envy account, Massage Envy does not permit Plaintiff and Class members to redeem their pre-paid massages without imposing unconscionable conditions, primarily the purchase of additional massages as a prerequisite to using massages already pre-paid. Similarly, when Class members cancel, all pre-paid massages are permanently forfeited, even if the member re-enrolls at a later date. In other words, Massage Envy gets paid but gives nothing in return. This is improper.

20.    Massage Envy's Membership Agreement does not specifically provide for forfeiture of unused pre-paid massages when Plaintiff and Class members cancel and/or do not keep their account current by making timely payments. Instead, Massage Envy's Membership Agreement contains ambiguous terms that Massage

Envy misleadingly and impermissibly construes to compel forfeiture. However, pursuant to California Civil Code § 1442, Massage Envy is required to construe its Membership Agreement in a manner that would allow Plaintiff and Class members to somehow redeem their pre-paid massages in the future, or offer a refund. CAL. CIV. CODE § 1442 ("A condition involving a forfeiture must be strictly interpreted against the party for whose benefit it is created.") Massage Envy's forfeiture is against the public policy of the State of California.

21.   Massage Envy's forfeiture policies are unconscionable because they are inserted by Defendant in a contract of adhesion, with no opportunity for bargaining, that is presented immediately after Plaintiff and Class members have received a massage. In addition, Defendant's forfeitures are against the public policy of the State of California, lack mutuality, are completely one-sided in favor of Massage Envy and shock the conscience.

22.   Massage Envy's practice of forfeiting pre-paid massages is the source of thousands of Internet complaints. Below is a small sample of complaints concerning Massage Envy's forfeiture policies.

> "Had the contract, credit card on file had expired, so was 3 mos. in arrears. Had 5 un-used massages that were already paid for and was told that in order to use them, I would have to pay the 3 months unpaid monthly fee ($59×3) in order to use them. If I didn't do that, I could not get the 5 massages. I offered to pay the full, non-member price of $98/massage in order to use that $~300 credit and the answer was no! So I am stuck w/~$300 already paid for massages that I can't get, because I am not a current member!!! This is the worst business policy I have ever encountered!! NEVER SIGN A CONTRACT W/MASSAGE ENVY!! THEY ARE CROOKS!!!"[2]

> "I signed up for a monthly contract at Massage Envy about 2 years ago. Today, I have about 15 unused massages because of my frequent travel and busy work schedule. The value of these massages at $59 is $885!!! If I cancel my membership, I lose all my pre-paid massages. How is this legal? I'm in California, a place where prepaid gift cards cannot expire, but CAN depreciate slowly. I assume Massage Envy is able to get away with this because of the way the charges/service is categorized, but I feel a lawsuit coming on. These types of billing practices aren't exactly ethical."[3]

---

[2] http://massageenvyblows.com/miss-led/?success=1

[3] http://massageenvyblows.com/illegal-contract-terms/

- 8 -

FIRST AMENDED CLASS ACTION COMPLAINT          3:12-cv-00153-DMS-BGS

"Contract called for Massage Envy to subtract the cost of one massage per month from my credit card. The massage credit would not expire. I was notified by massage envy that I had 4 massages paid for and to call for an appointment to use them. I called for an appointment. They stated that my credit card had just been declined to pay for the current month. I told them that I had just lost my credit card and thusly had cancelled it and was waiting for the arrival of my new card. Massage envy refused to supply me with a massage even though four massage sessions had already been paid for. They broke the contract by refusing to supply services that they had been paid for. The police stated that it was a civil matter. They are now using a collection agency to try and collect more money."[4]

"Massage Envy charges a $59 monthly membership fee for 1 massage per month (If you don't use it in that month, they accumulate). [¶] I called to cancel my membership and thought I had successfully done so, but realized that my credit card was still being billed $59 per month. I called to complain and found out you have to go *into* the store to cancel. At that point I had around 10 that I had paid for but hadn't used. Before getting pissed and writing a letter, I came up with some ideas to whittle those down, but the restrictions on what I could do with services I had already PAID FOR were ridiculous: [¶] Transferring a session to treat a friend would cost me an EXTRA $10 on top of the $59 I had ALREADY paid for the session. [¶] Use 2 sessions toward a couple's massage (of which I would be involved) would also cost me an extra $10 to transfer one to the other person to use (again, on top of the $59 I had ALREADY paid). Otherwise, the other person would have to pay the introductory rate of $59. [¶] Placing a hold on my account would restrict me from using ANY of the massages I already PAID FOR during that "hold" period. [¶] Remember I had 10 sessions- that's $590 I had already given to Massage Envy! I HAD to keep my membership active (and thus pay each month and get additional massages I didn't even need) in order to use my sessions. If I cancel, those I didn't use would go to waste.[5]

"Like everyone on this thread, I too was ripped off. Massage Envy wont give me my prepaid massages until I pay another month of membership before I cancel. I have been a member for 3 years and its not like I was locked into a 12 month membership contract. It was a month to month agreement wherein I have 6 prepaid massages I have not used. There are a lot of complaints about this same thing in this website and others like this…"[6]

"I Joined Massage Envy when they first came to town, about 7 years ago I think. Last year I was having physical issues and could not receive the massages I had credit for. [¶] When I went to see them several months later

---

[4] http://www.ripoffreport.com/r/massage-envy/rockaway-New-Jersey-07866/massage-envy-REFUSED-TO-SUPPLY-MASSAGES-THAT-WERE-ALREADY-PAID-FOR-rockaway-New-Jersey-1023290

[5] http://www.ripoffreport.com/r/Massage-Envy/nationwide/Massage-Envy-s-horrendous-cancellation-process-ridiculous-restrictions-for-services-you-994531

[6] http://www.ripoffreport.com/r/Massage-Envy/high-point-North-Carolina-27265/Massage-Envy-Like-everyone-on-this-thread-I-too-was-ripped-off-They-wont-give-me-my-pre-980625

FIRST AMENDED CLASS ACTION COMPLAINT                    3:12-cv-00153-DMS-BGS

to cancel contract, they informed me I had to give thirty-day notice in writing, which I did. I asked if I could use the massages already paid for after cancellation. They said NO. the fee I was paying entitled me to massages - one for each month - but was a membership fee, not prepaid massages. [¶] I think this is a rip-off and someone should initiate a class-action suit against them." [7]

"I have been a member in Farmingdale NY and have ten massages saved up so I asked them to stop charging my account so I can catch up. They now told me that I will lose all ten in 30 days! I specifically asked this question when I signed up and they lied to me. [¶] If they are making money by charging and not providing a service, that is illegal. I hope the local person was misinformed, but she was pretty firm that they do steal members money in these cases and thats how they improve their profits. Disgusting!" [8]

"JUST GOT OFF THE PHONE w/CITIBANK IN NORTH DAKOTA RE: GETTING MY MONEY BACK FOR SERVICES NOT YET RENDERED. ALTHOUGH THEY DON'T HAVE ANY MASSAGE ENVYS UP THERE, THE REP IN THE DISPUTES DEPARTMENT SAID HE WAS "VERY FAMILIAR" WITH MASSAGE ENVY BECAUSE CITIBANK HAS RECEIVED SO MANY DISPUTES & COMPLAINTS AGAINST THEM!! THEY DEAL WITH TENS OF MILLIONS OF COMPLAINTS AGAINST TENS OF MILLIONS OF BUSINESSES EVERY YEAR, AND THIS GUY REMEMBERS, OUT OF ALL THESE VENDORS, MASSAGE ENVY??!! AND THAT'S JUST ONE REP AT ONE BANK!!" [9]

"[I]f your card on file expires you will be charged once they get the new card info, but you lose (permanently because you would have received a new card months earlier and had time to update the auto pays)  the massages because your account wasn't current." [10]

## B.   ALLEGATIONS   SPECIFICALLY   CONCERNING   THE ARREARS CLASS

23.    When Plaintiff and Arrears Class members fail to keep their account current, they are no longer permitted to redeem their pre-paid massages until payment is made for additional massage(s) as they come due. If a member does not

---

[7] http://www.ripoffreport.com/r/Massage-Envy/Vancouver-Washington-98665/Massage-Envy-Contract-ripoff-and-unused-massages-Vancouver-Washington-909855

[8] http://www.ripoffreport.com/r/Massage-Envy/Farmingdale-New-York-11735/Massage-Envy-YOU-LOSE-ALL-MASSAGES-YOU-SAVE-THIEVES-Farmingdale-New-York-908598

[9] http://www.yelp.com/biz/massage-envy-spa-encino-2?sort_by=rating_asc

[10]
http://www.yelp.com/filtered_reviews/p1rXIYAeOtgSTGZAy0nGog?fsid=CjhOhI0fo_u5L8AyXtvKMA&filtered_start=20

FIRST AMENDED CLASS ACTION COMPLAINT          3:12-cv-00153-DMS-BGS

1   pay all past-due membership charges (which continue to accrue), they forfeit all pre-
2   paid massages. If the Arrears Class member never brings their account current AND
3   does not cancel in accordance with Defendant's onerous cancellation procedures,
4   they forfeit pre-paid massages AND continue to be assessed membership charges
5   each month as they come due, even though the charges are for massages that the
6   consumer *can never use*. This happened to Plaintiff. Defendant's continued billing
7   for additional massages to non-current accounts, where such massages cannot be
8   used by Plaintiff and the Class because their accounts are not paid current is
9   unconscionable pursuant to California Civil Code § 1670.5, and separately, void
10  liquidated damage clauses within the meaning of California Civil Code § 1671;

11       24.   Arrears Class members' failure to make timely payments constitutes a
12  breach of the Membership Agreement. Massage Envy's forfeiture of purchased
13  massages are "liquidated damages" because they are triggered by Arrears Class
14  members' failure to perform the contractual covenant of timely payment, and
15  because Massage Envy's records allow computation of the dollar value of massages
16  forfeited.

17       25.   Defendant made no attempt to determine what its damages would be in
18  the event of untimely payment by Arrears Class members. Instead, Defendant
19  interprets its adhesion Membership Agreement to require forfeiture as a method to
20  compel timely payment, penalize non-payment, and as a means to unjustly increase
21  revenue without having to provide massage services (i.e., as a means to generate
22  unfair profits).

23       26.   Forfeiture is compelled without regard, and disproportionate to the
24  actual damages (if any) sustained by Massage Envy in the event of untimely
25  payment. This is because Massage Envy suffers no actual damage when consumers
26  fail to make timely payments pursuant to the Membership Agreement.

27
28

FIRST AMENDED CLASS ACTION COMPLAINT          3:12-cv-00153-DMS-BGS

27. The value of the forfeited massages bear no relation to any damage that could reasonably be anticipated by Massage Envy, as Arrears Class members' failure to timely pay for *additional* massages when due, are separate obligations from *past, paid* massages. There is no justification for Massage Envy's forfeiture procedures other than to reap unjust profits at consumer expense.

28. Plaintiff and each member of the Arrears Class have paid Massage Envy for massages that they cannot redeem because their memberships with Defendant are no longer paid current.

## V. <u>CLASS ACTION ALLEGATIONS</u>

29. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2) and 23(b)(3) for the following "<u>Arrears Class</u>" of persons:

> All California residents, from December 7, 2007 to the present, who were enrolled in a Massage Envy membership program and forfeited pre-paid massages because they did not keep their membership current by making timely payments.

Excluded from the Arrears Class are all legal entities, Defendant herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant, as well as any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff.

30. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2) and 23(b)(3) for the following "<u>Cancellation Class</u>" of persons:

> All California residents, from December 7, 2007 to the present, who were enrolled in a Massage Envy membership program and forfeited pre-paid massages because they cancelled their Massage Envy account.

Excluded from the Cancellation Class are all legal entities, Defendant herein and any person, firm, trust, corporation, or other entity related to or affiliated with any

defendant, as well as any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff

31.    The members of the Class are so numerous that joinder of all Class members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time and will be ascertained through appropriate discovery, Plaintiff is informed and believes that there are thousands of members in the proposed Class. Defendants require each of their California clinics to install Massage Envy's proprietary software called "Millennium 2009" (or the current update), which Massage Envy sublicenses to its California clinics.  This software is used for member management and accounting, point of sale, cash register, and credit card processing functions.  Massage Envy has independent, unlimited access to the information generated and tracked by the computer systems of its California clinics, including information generated from Millennium 2009 (or the current update). Thus, Defendant can readily obtain information to identify members of the Class, as well as the number of massages that Class members have forfeited, such that members of the Class can be identified from records maintained by Defendant.

32.    Each Class member paid Defendant a certain number of monthly membership charges, from which the number of redeemed massages can be deducted to determine Class-wide restitution and/or damages and/or reinstated massages as maintained in Defendant's records.

33.    Plaintiff's claims are typical of the claims of the other members of the Class.  All members of the Class have been and/or continue to be similarly affected by Defendant's wrongful conduct as complained of herein, in violation of California law.  Plaintiff has no interests adverse to the Class.

34.    Plaintiff will fairly and adequately protect the Class members' interests and has retained counsel competent and experienced in consumer class action lawsuits and complex litigation.

FIRST AMENDED CLASS ACTION COMPLAINT          3:12-cv-00153-DMS-BGS

35.     Defendant has acted with respect to the Class in a manner generally applicable to each Class member. Common questions of law and fact exist as to all Class members and predominate over any questions wholly affecting individual Class members. There is a well-defined community of interest in the questions of law and fact involved in the action, which affect all Class members. Among the questions of law and fact common to the Class are, *inter alia*:

(a)     Whether Defendant is party to membership agreements with Plaintiff and the Class and/or are liable for the actions of Massage Envy's California clinics;

(b)     Whether Defendant's contractual clauses requiring forfeiture of paid massages are (void) liquidated damage clauses within the meaning of California Civil Code § 1671;

(c)     Whether Massage Envy was required pursuant to California Civil Code § 1442 to interpret its Membership Agreement in a manner not compelling forfeiture;

(d)     Whether Massage Envy's forfeiture provisions are procedurally and/or substantively unconscionable under California Civil Code § 1670.5;

(e)     Whether Defendants' contractual forfeiture of paid massages constitutes "unlawful" or "unfair" business acts or practices under, *inter alia*, CAL. BUS. & PROF. CODE §§ 17200, including:

(i)     Whether Defendant's contractual forfeiture of paid massages constitute "unfair" business practices because consumer injury outweighs any countervailing benefits to consumers or competition, and because such injury could not be reasonably avoided by consumers;

(ii)     Whether Defendant's contractual forfeiture of paid massages constitute "unlawful" or "unfair" business practices by violating established public policy as embodied by California Civil Code §§ 1442, 1670.5 and/or 1671;

(iii)   Whether Defendant's contractual forfeiture of paid massages constitute "unfair" business practices because they are immoral, unethical, oppressive, unscrupulous or     substantially injurious to consumers;

(iv)   Whether Defendant's business practices are "unfair" because the gravity of the harm to Plaintiff and the Class outweighs the utility of Defendant's forfeiture policy;

(f)   Whether Defendant violated the implied covenant of good faith and fair dealing by unreasonably and/or contrary to California law or public policy construed its Membership Agreement to provide for forfeiture;

(g)   The nature and extent of damages, equitable remedies, and injunctive relief to which Plaintiff and the Class are entitled;

(h)   Whether Plaintiff and the Class are entitled to declaratory relief pursuant to the Declaratoty Judgment Act, 28 U.S.C. § 2201, declaring that Massage Envy's Membership Agreement does not entitle Defendant to forfeit Plaintiff and the Class' pre-paid massages;

(i)   Whether Plaintiff and the Class should be awarded attorneys' fees and the costs of suit;

36.   A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for Class members to individually redress the wrongs done to them.  There will be no difficulty in managing this action as a class action.

37.   Defendant has acted on grounds generally applicable to the entire Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

FIRST AMENDED CLASS ACTION COMPLAINT          3:12-cv-00153-DMS-BGS

**COUNT ONE**
**ON BEHALF OF ALL CLASS MEMBERS**
**FOR "UNLAWFUL" BUSINESS PRACTICES IN VIOLATION OF THE UCL**

38. Plaintiff incorporates by reference and realleges each and every paragraph alleged above as though fully alleged herein.

39. California Business and Professions Code § 17200, *et seq.* prohibits acts of unfair competition which includes "unlawful . . .business act[s] or practice[s]."

40. The contractual requirement in Plaintiff and each Arrears Class member's Membership Agreement forfeiting pre-paid massages when their accounts are not current, constitute void liquidated damages in consumer contracts pursuant to California Civil Code § 1671 subsections (c) and (d), and are therefore "unlawful" business practices in violation of the UCL.

41. Defendant's contractual requirement in Plaintiff and each Class member's Membership Agreement forfeiting pre-paid massages in the event of cancellation and/or failure to keep their account current, constitute unconscionable contract clauses pursuant to California Civil Code § 1670.5, and are therefore "unlawful" business practices in violation of the UCL.

42. Defendant's contractual requirement in Plaintiff and each Class member's Membership Agreement forfeiting pre-paid massages in the event of cancellation and/or failure to keep their accounts current, breaches the Membership Agreement's implied covenant of good faith and fair dealing, and is therefore "unlawful" business practices in violation of the UCL.

43. As a direct and proximate result of Defendant's "unlawful" business practices as alleged herein, Plaintiff and each Class member have been wrongfully deprived of money and/or property. Plaintiff suffered injury-in-fact as a result of Defendant's forfeiture of her paid massages by being charged, and paying for, unrefunded Massage Envy charges.

44.     Accordingly, Defendant received and is in possession of excessive and unjust revenues and profits, and/or has caused Plaintiff and other Class members to lose money or property directly as a result of Defendant's wrongful acts and practices.

45.     As a result of the above unlawful acts and practices of Defendant, Plaintiff, on behalf of herself and all others similarly situated, and as appropriate, on behalf of the general public of the state of California, seeks injunctive relief prohibiting Defendant from continuing these wrongful practices, and such other equitable relief, including full restitution of unredeemed massage charges and the disgorgement of all improper revenues and ill-gotten profits derived from Massage Envy's wrongful conduct to the fullest extent permitted by law, and/or reinstatement of forfeited massages.   Additionally, Plaintiff requests that the Court award all members of the Class, who were of the attained age of 65 at the time of the Defendants' unlawful forfeiture of massages as alleged herein, to receive a statutory trebling of their restitutionary award pursuant to CAL. CIV. CODE § 3345.

**SECOND COUNT**
**ON BEHALF OF ALL CLASS MEMBERS**
**FOR "UNFAIR" BUSINESS PRACTICES IN VIOLATION OF THE UCL**

46.     Plaintiff incorporates by reference and realleges each and every paragraph alleged above as though fully alleged herein.

47.     California Business and Professions Code § 17200, *et seq.* prohibits acts of unfair competition which includes "unfair . . .business act[s] or practice[s]." Defendant's contractual forfeiture of Plaintiff and the Class' pre-paid massages constitute "unfair" business practices because:

(i)     the injury to Plaintiff and the Class outweighs any countervailing benefits to consumers or to competition, and because such injury could not be reasonably avoided by Plaintiff and the Class; and/or

FIRST AMENDED CLASS ACTION COMPLAINT          3:12-cv-00153-DMS-BGS

(ii)    it violates established public policy as embodied by California Civil Code §§ 1442, 1670.5 and/or 1671, and the California public policy against forfeitures;

(iii)    it is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers;

(iv)    the gravity of the harm to Plaintiff and the Class outweighs any countervailing benefits to Defendants or to competition.

48.    As a direct and proximate result of Defendants' "unfair" business practices as alleged herein, Plaintiff and each Class member have been wrongfully deprived of money and/or property.  Plaintiff suffered injury-in-fact as a result of Defendants' forfeiture of her paid massages by being charged, and paying for, unrefunded Massage Envy charges.

49.    Accordingly, Defendant received and is in possession of excessive and unjust revenues and profits, and/or have caused Plaintiff and other Class members to lose money or property directly as a result of Defendant's wrongful acts and practices.

50.    As a result of the above unfair acts and practices, Plaintiff, on behalf of herself and all others similarly situated, and as appropriate, on behalf of the general public of the state of California, seeks injunctive relief prohibiting Defendant from continuing these wrongful practices, and such other equitable relief, including full restitution of unredeemed massage charges and the disgorgement of all improper revenues and ill-gotten profits derived from their wrongful conduct to the fullest extent permitted by law, and/or reinstatement of forfeited massages.  Additionally, Plaintiff requests that the Court award all members of the Class, who were of the attained age of 65 at the time of the Defendants' unlawful forfeiture of massages as alleged herein, to receive a statutory trebling of their restitutionary award pursuant to CAL. CIV. CODE § 3345.

FIRST AMENDED CLASS ACTION COMPLAINT          3:12-cv-00153-DMS-BGS

**COUNT THREE**
**ON BEHALF OF ALL CLASS MEMBERS**
**BREACH OF CONTRACT – VIOLATION OF THE IMPLIED COVENANT**
**OF GOOD FAITH AND FAIR DEALING**

51.    Plaintiff incorporates by reference and realleges each and every paragraph alleged above as though fully alleged herein.

52.    Plaintiff and each Class member entered into a Membership Agreement with Massage Envy, which contains as a matter of law an implied covenant of good faith and fair dealing to deal honestly, and incorporates by reference all laws applicable to the agreement.

53.    Plaintiff and each member of the Class paid Massage Envy monthly membership charges pursuant to the Membership Agreement that they did not use.

54.    Pursuant to California Civil Code § 1442, Massage Envy was required to construe its Membership Agreement in a manner that avoids forfeiture of Plaintiff and the Class' pre-paid massages.

55.    Massage Envy instituted its forfeiture policies as a method to compel timely payment, penalize non-payment, and as a means to unjustly increase revenue without having to provide massage services (i.e., as a means to generate unfair profits). Defendant had no good faith business rationale for its forfeiture policies.

56.    Massage Envy's forfeiture policies are unconscionable because (1) they are inserted by Defendant in a contract of adhesion, with no opportunity for bargaining, presented immediately after Plaintiff and Class members have received a massage, and (2) they are against the public policy of the State of California as embodied in California Civil Code §§ 1442 and 1671, lack mutuality, are completely one-sided in favor of Massage Envy and shock the conscience.

57.    Plaintiff and each member of the Arrears Class are excused from using pre-paid massages during the active term of their membership pursuant to California Civil Code § 1671(c) and (d).

FIRST AMENDED CLASS ACTION COMPLAINT          3:12-cv-00153-DMS-BGS

58.   No additional conditions besides payment of membership charges are contractually required of Plaintiff and the Class for Defendant to perform the massage services for Plaintiff and the Class.

59.   Massage Envy interferes with and frustrates Plaintiff and the Class' ability to redeem pre-paid massages by forfeiting Plaintiff and the Class' pre-paid massages.

60.   As a direct and proximate result of Defendants' breaches of the implied covenant of good faith and fair dealing, Plaintiff and each member of the Class have sustained loss, cost, damage and expense in an amount to be proved at the trial of this matter.

**COUNT FOUR**
**ON BEHALF OF ALL CLASS MEMBERS**
**DECLARATORY RELIEF PURSUANT TO**
**THE DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201**

61.   Plaintiff incorporates by reference and realleges each and every paragraph alleged above as though fully alleged herein.

62.   Pursuant to 28 U.S.C. § 2201, Plaintiff and the Class are entitled to have this Court establish by declaration their rights and legal relations under Massage Envy's Membership Agreement.

63.   Accordingly, Plaintiff on behalf of the Class prays for a declaration that Massage Envy's standardized Membership Agreement does not permit Massage Envy to forfeit the pre-paid massages of Plaintiff and the Class.

## VI.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class pray for relief and judgment as follows:

A.   For an order declaring that this action is properly maintained as a class action and certifying a class representative in accordance with Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as representative for the Class, and appointing Plaintiff's counsel as Class counsel;

FIRST AMENDED CLASS ACTION COMPLAINT                3:12-cv-00153-DMS-BGS

B.     For an order awarding Plaintiff and the members of the Class damages, restitution and/or disgorgement, an injunction prohibiting Defendant's forfeiture of massages, and/or other equitable relief as the Court deems proper, including but not limited to reinstatement of Plaintiff and the Class' paid massages, and the imposition of a constructive trust upon Defendant's revenues resulting from the unlawful and unfair business acts and practices described herein;

C.     For an order enjoining Defendant from continuing to engage in the unlawful and unfair business acts and practices as alleged herein;

D.     For treble recovery on all restitutionary awards to senior citizen members of the Class pursuant to CAL. CIV. CODE § 3345;

E.     For declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201;

F.     For an order awarding Plaintiff and the members of the Class pre-judgment and post-judgment interest;

G.     For an order awarding attorneys' fees and costs of suit, including experts' witness fees as permitted by law; and

H.     Such other and further relief as this Court may deem just and proper.

FIRST AMENDED CLASS ACTION COMPLAINT               3:12-cv-00153-DMS-BGS

1

## VII.   **JURY TRIAL DEMAND**

2          Plaintiff demands a trial by jury for all of the claims asserted in this Complaint

3    so triable.

4

5    Dated:  June 19, 2013                    Respectfully submitted,

6
                                             FINKELSTEIN & KRINSK LLP
7

8                                            By:  /s/ William R. Restis
                                                  William R. Restis
9
                                             Jeffrey R. Krinsk
10                                           Mark L. Knutson
                                             501 West Broadway, Suite 1250
11                                           San Diego, CA 92101-3593
                                             Telephone:  (619) 238-1333
12                                           Facsimile:   (619) 238-5425
                                             Email:  wrr@classactionlaw.com
13
                                             Counsel for Plaintiff and the Class
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT              3:12-cv-00153-DMS-BGS