**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

GAIL HAHN,

Plaintiff,

vs.

MASSAGE ENVY FRANCHISING, LLC,

Defendant.

Case No. 12cv153 DMS (BGS)

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Pending before the Court in this putative consumer class action is Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of standing, 12(b)(7) for failure to join a party under Rule 19, and 12(b)(6) for failure to state a claim. Plaintiff opposed the motion and Defendant replied. For the reasons which follow, the motion is denied.

In the operative first amended complaint ("FAC"), Plaintiff alleges she purchased a membership with a Massage Envy franchise in September 2008. In exchange for a $59 monthly membership fee, Plaintiff received a pre-paid monthly massage. The agreement provided that any unredeemed pre-paid massages could be used at any time, so long as the membership was active. Active membership required payment of the monthly fee of $59.00. Plaintiff made 23 monthly payments, but was only able to redeem two massages. In March 2009, Plaintiff attempted to cancel her membership, but was refused. After Plaintiff directed her credit card company to stop the automatic monthly payments, Plaintiff's request to redeem her unused pre-paid massages was refused. Plaintiff's subsequent unpaid membership dues were treated as a debt and referred to collection.

Plaintiff filed this action in state court. Defendant removed it to federal court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(10) and 1453. Plaintiff seeks to certify a class action with two subclasses consisting of members who cancelled their membership contracts (the "Cancellation Class") and members whose membership dues were in arrears (the "Arrears Class"), respectively. Plaintiff alleges four causes of action: (1) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL") unlawful business practices provisions; (2) violation of UCL's unfair business practices provisions; (3) breach of the implied covenant of good faith and fair dealing; and (4) declaratory relief (interpreting membership agreement to preclude forfeiture of the unredeemed massages). Plaintiff seeks injunctive relief prohibiting such forfeiture in the future, reinstatement of the right to use unredeemed massages, and restitution or disgorgement, among other things.

Defendant claims this action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing. Article III of the Constitution "requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (internal quotation marks and citation omitted, emphasis in original). To satisfy Article III's standing requirements, a plaintiff must show he or she has suffered an injury in fact, the injury is fairly traceable to the challenged action of the defendant, and it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). "[T]he threshold question of whether plaintiff has standing (and the court has jurisdiction) is distinct from the merits of his claim. Rather, the jurisdictional question of standing precedes, and does not require, analysis of the merits." *Id*. at 1068. " Each element of standing must be supported with the manner and degree of evidence required at the successive stages of the litigation. For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party. At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that

general allegations embrace those specific facts that are necessary to support the claim." *Id*. at 1068.

Defendant maintains Plaintiff lacks standing because she did not suffer an injury in fact and any injury she may have suffered is not fairly traceable to Defendant. With respect to injury in fact, Defendant's contention that Plaintiff does not allege she had been denied use of her unredeemed massages is contradicted by the allegations in the complaint. (FAC at 3-4.)

Defendant next argues Plaintiff's injury is not fairly traceable to Defendant because Defendant is not a party to Plaintiff's membership agreement. To show the plaintiff's injury is fairly traceable to the defendant, the plaintiff need not demonstrate proximate cause, only "a line of causation between defendan[t's] action and [the] alleged harm that is more than attenuated." *Maya*, 658 F.3d at 1070.

Plaintiff entered into a membership agreement with a local Massage Envy franchise. Defendant is not the local franchisee, but the franchisor. Plaintiff's theory of Defendant's involvement in the alleged wrongdoing is that Defendant, as the franchisor and principal, required all franchisees to include the allegedly unlawful term in the membership contracts.[1] (FAC at 4-5.) Under California law, a franchisor may be held responsible for a franchisee's violation of consumer protection laws, when the franchisor exercises sufficient control over the franchisee's operations to create an agency relationship. *See Soto v. Superior Telecom, Inc.*, 2010 WL 2232145 at *1 & 3 (S.D. Cal. Jun. 3, 2010) (applying Cal. law); *see also Kuchta v. Allied Builders Corp.*, 21 Cal. App. 3d 541 (1971) (franchisor was held liable for breach of contract entered into between the plaintiffs and the franchisee, where an agency relationship was established between a franchisor and franchisee).

Plaintiff's allegations about the wide scope of Defendant's control are supported by Defendant's Franchise Disclosure Agreement and the Franchise Agreement.[2] (Pl.'s Exs. A & B.) An agency relationship exists between the franchisor and franchisee when the franchisor controls the

---

[1] In support of its motion, Defendant relies on the declaration of Daniel Pitts, Defendant's Vice President of Operations, to contradict Plaintiff's allegations. Given that the motion is brought at the pleading stage, such evidence may not be considered. However, even if the declaration were considered, it does not contradict Plaintiff's allegations regarding the scope of Defendant's control over the franchisees' day-to-day operations.

[2] The Court takes judicial notice of these documents, both of which are public records. *Intri-Plex Technol., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). Defendant's objection to Plaintiff's request for judicial notice is overruled.

franchisees' operations more than is necessary to protect and maintain the trademark, trade name and goodwill, by controlling the day-to-day details of the franchise. *Cislaw v. Southland Corp.*, 4 Cal. App. 4th 1284, 1289 (1992), discussing *Nichols v. Arthur Murray, Inc.*, 248 Cal. App. 2d 610 (1967). Defendants' control reaches beyond mere protection of its trademark, trade name and goodwill to include the approval of the franchise locations (under threat of termination if approval is not obtained), dictating the products which must be offered, their pricing and the suppliers of those products, compliance with a long list of "Clinic Operation and System Standards," including staffing, days and hours of operation, customer service policies, issuance of gift cards, and "the terms and format of membership agreements."[3] (*See, e.g.*, Pl.'s Ex. A at 1, 16, 26-27, 36 & Ex. B at 5, 14-19.) Accordingly, Defendant could be held liable for Plaintiff's injury based on the alleged scope of its control over the franchisees. The argument that Plaintiff's injury is not fairly traceable to Defendant is therefore rejected.

The Court also rejects the argument that Plaintiff's injury is not fairly traceable to Defendant because her loss of unredeemed pre-paid massages was self-inflicted. Defendant relies on *Clapper v. Amnesty Int'l USA,* __ U.S. __; 133 S.Ct. 1138 (2013). But there the Court found the respondents lacked standing because their injury was based on a speculative fear of future events and thus, was self-inflicted. *Id.* at 1151-54. Here, unlike in *Clapper*, standing does not depend on any future event. The out-of circuit cases cited by Defendants also are distinguishable. Unlike in *Brotherhood of Locomotive Engineers & Tainmen v. Surface Transportation*, 457 F.3d 24 (D.C. Cir. 2006), and *Grocery Manufacturers Association v. EPA*, 693 F.3d 169 (D.C. Cir. 2012), the gravamen of Plaintiff's case is the unlawfulness of the membership agreement's provision that purports to forfeit unredeemed massages upon cancellation or failure to pay monthly dues. Assuming Plaintiff prevails on the merits, the resulting injury is fairly traceable to Defendant, therefore Defendant's Rule 12(b)(1) motion is denied.

---

[3] Mr. Pitts affirms that Defendant provides a model membership agreement for the franchisees to follow. (Pitts Decl. at 2.) Although he also states that the applicable model membership agreement and the agreement used in this case are "not identical" and that the franchisees have the discretion to deviate from the model in certain respects, he does not provide any information about the differences. (*Id.* at 2-3) In this regard, Mr. Pitts' declaration at most highlights a factual dispute regarding the scope of Defendant's control in the area of membership agreements, an issue which the Court does not decide at the pleading stage. *See Maya*, 658 F.3d at 1068.

Next, Defendant argues the action should be dismissed under Rule 12(b)(7) for failure to join the local franchise as a necessary party under Rule 19. A Rule 12(b)(7) motion to dismiss for failure to join a party will be granted only if the court determines: (1) joinder of the party is not possible, and (2) the party is "indispensable." *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992). "To determine whether a party is "indispensable" under Rule 19, a court must undertake a two-part analysis: it must first determine if an absent party is 'necessary' to the suit; if [the party is necessary but] cannot be joined, then the court must determine whether the party is 'indispensable' so that in 'equity and good conscience' the suit should be dismissed." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).[4]

An absent party is "necessary" under Rule 19(a) when:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (I) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. Proc. 19(a)(1). If a necessary party cannot be joined, the court must

> determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or © other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. Proc. 19(b). "The inquiry is a practical one and fact specific, and is designed to avoid the harsh results of rigid application. The moving party has the burden of persuasion in arguing for dismissal." *Shermoen*, 982 F.2d at 1317.

---

[4] "Necessary"refers to a party who should be joined if feasible. "Indispensable" refers to a party whose participation is so important to resolution of the case that, if not joined, the suit must be dismissed. *Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861, 867, n. 5 (9th Cir. 2004).

Defendant contends joinder of the local franchise is necessary because the franchise has an interest relating to the subject of this action in that it is a party to Plaintiff's membership agreement. Defendant's citation to *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774 (9th Cir. 2005), is not persuasive. There, a contractual party was found necessary because granting relief would cause the defendant to breach its contract with the absent party, and, in the absence of joinder, would expose it to a serious risk of additional litigation and inconsistent obligations. These circumstances are not present here. Furthermore, Defendant's reliance on California law is unavailing. Federal law applies to points of federal procedure, particularly when the point is covered by the Federal Rules. *See Hanna v. Plumer*, 380 U.S. 460 (1965); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-03 (9th Cir. 2003). Under federal law, contractual parties are not automatically necessary for purposes of Rule 19(a)(1). Because Rule 19 requires a practical approach, "undue preoccupation with abstract classifications of rights or obligations" is discouraged. *See Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 116 n.12 (1968) ("the new version [of Rule 19] emphasizes the pragmatic consideration of the effects of the alternatives of proceeding or dismissing," as "there had at times been undue preoccupation with abstract classifications of rights or obligations"). Accordingly, "the analysis under Rule 19 is heavily influenced by the facts and circumstances of each case." *Va. Surety Co. v. Northrop Grumman Corp.*, 144 F.3d 1243, 1248 (9th Cir. 1998) (internal quotation marks and citation omitted).

The principle on which Defendant relies applies in an action to set aside the contract or attack the terms of a negotiated agreement. *See Disabled Rights Action Comm'te v. Las Vegas Events, Inc.*, 375 F.3d 861, 881 (9th Cir. 2004). However, this action is not directed to the membership agreement as a whole, but to the requirement that a customer's membership remain active in order to redeem unused pre-paid services. Even if Plaintiff prevails on her claim that this term is unenforceable, the membership agreement would not be set aside. Moreover, Plaintiff's case is premised on the contention that *Defendant*, not its franchisees, requires the active membership term in the membership agreements. Consistent with Defendant's alleged control, the Franchise Disclosure Document also provides Defendant the right to unilaterally change any requirement, including the terms of the model membership agreement, if it is determined that such requirement violates applicable law. (*See* Pl.'s Ex. B at 38.) Finally, Defendant, and not the local franchise, "is the exclusive owner of all customer

accounts." (*Id*. at 34.) According to Plaintiff, the role of the local franchise as a contracting party is a mere proxy for Defendant. Although the local franchise may have some financial interest in the outcome of this case, that alone is insufficient to rise to the level of a necessary party. *See Disabled Rights Action Comm'te*, 375 F.3d at 883.

The Court rejects Defendant's contention that the local franchise's ability to protect its interest will be impaired. Given the alleged franchisor-franchisee relationship in this case, Defendant's interests are virtually identical to the local franchise interest. Defendant does not claim there is any conflict between them on the issues presented in this case. Under such circumstances, the absent party's interests are not impaired in the absence of joinder. *Washington v. Daley*, 173 F.3d 1158, 1167-68 (9th Cir. 1999). Alternatively, Defendant argues that complete relief cannot be afforded without joinder because Defendant does not give massages, and massage services can be provided only by the franchise. Given the breadth of Defendant's control over the franchisees' day-to-day operations, particularly in light of Defendant's sole ownership of customer accounts and authority to unilaterally alter the terms of the model membership agreement, the Court is not persuaded that Defendant is without power to cause local franchisees to comply with any relief that includes reinstatement of unredeemed pre-paid massage services.

Finally, Defendant claims that failure to join will create a risk of multiple litigation and inconsistent rulings because other members could bring independent lawsuits against local franchises on the same grounds. This argument is unpersuasive, as the doctrine of *res judicata* likely would preclude relitigation of the same issues given that Defendant and its franchisees are privies, *see Taylor v. Sturgell*, 553 U.S. 880, 894 (2008), and that the reach of the doctrine is particularly broad in the class action context. *Ortiz v. Fireboard Corp.*, 527 U.S. 815, 832 (1999).

Defendant has failed to establish that the local franchise is a necessary party. If a party is not necessary, it is not indispensable. *Daley*, 173 F.3d at 1169 (if a party is not necessary, the court need not also consider whether it is indispensable under Rule 19(b)); *see also* Fed. R. Civ. Proc. 19(b). Accordingly, Defendant's Rule 12(b)(7) motion is denied.

Last, Defendant argues that the case should be dismissed under Rule 12(b)(6) because Plaintiff cannot state a claim for any of her causes of action. A Rule 12(b)(6) motion to dismiss tests the

sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory, yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*,749 F.2d 530, 534 (9th Cir. 1984); *see also Shroyer*, 622 F.3d at 1041.

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). However, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Initially, Defendant maintains that Plaintiff lacks standing under Proposition 64 to assert her UCL claims. To have standing under UCL, a plaintiff must allege that the defendant's business practice was the immediate cause of his or her economic loss. *Kwikset Corp. v. Super. Ct. (Benson)*, 51 Cal.4th 310, 322 (2011); *In re Tobacco II Cases*, 46 Cal.4th 298, 315-17 (2009). Defendant argues that Plaintiff cannot meet this standard, because her economic loss was self-inflicted and resulted from her dealings with the local franchise rather than with Defendant. As discussed above, Plaintiff's case rests on the premise that Defendant required the local franchise to include the provision in question in the membership agreements, and that this was the direct cause of her loss. Given the breadth of Defendant's alleged control over the local franchise's day-to-day operations, Plaintiff has stated sufficient facts to support an agency theory of liability. Defendant's UCL standing arguments are therefore rejected.

Next, Defendant contends Plaintiff cannot state a claim under the UCL's unlawful business practices prong. The UCL establishes three varieties of unfair competition based upon acts or practices which are unlawful, unfair, or fraudulent. *Cal-Tech. Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999). An unlawful business practice under section 17200 is "an act

or practice, committed pursuant to a business activity, that is at the same time *forbidden by law*." *Progressive W. Ins. Co. v. Yolo County Super. Ct. (Preciado)*, 135 Cal. App. 4th 263, 287 (2006) (emphasis in original). Plaintiff alleges, among other things, that the active membership requirement is unconscionable in violation of California Civil Code Section 1670.5.

A contract provision is unenforceable if it is both procedurally and substantively unconscionable. *Armendariz v. Found. Health Psychare Servs. Inc.*, 24 Cal.4th 83, 99 (2000). Procedural unconscionability focuses on "oppression or surprise due to unequal bargaining power," and substantive unconscionability focuses on "overly harsh or one-sided results." *Id.* A sliding scale is applied, so that the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to find it unenforceable, and *vice versa*. *Id.*

Plaintiff alleges that Massage Envy operates under a business model intended to mimic a health club membership model, except that members are not purchasing access to Massage Envy's facilities but only to a pre-paid monthly massage. According to Plaintiff, when a customer first visits Massage Envy, he or she is offered a massage at an introductory price; immediately after the massage and while the customer is still in a relaxed state, he or she is offered a form membership agreement on a one-time, non-negotiable basis.

The membership agreement includes a provision that the member can use unredeemed pre-paid massage services as follows:

> You have the entire term of the membership agreement to use all pre-paid massages. You may continue to redeem your pre-paid massages after the initial term of the membership as long as your membership has been renewed and is current. ... ¶ ... Your membership services must be active in order to redeem any membership services including membership massages.

(FAC at ¶18).[5] Although not expressly stated in the agreement, the foregoing provision is applied so that upon cancellation or falling behind on monthly dues, all accrued unredeemed pre-paid massage services are lost. (*Id*. at 7.) Even if a member reinstates his or her membership, the forfeited pre-paid services may not be redeemed without additional conditions being imposed on the member. (*Id*.) And

---

[5] Defendant contends that the agreement also expressly provides that "Any unused massages will expire should you elect not to renew your membership." (Reply at 10.) Neither side has offered a copy of the membership agreement. The provision referenced by Defendant is not alleged in the FAC and Defendant offers no other support for the referenced provision. Accordingly, the Court declines to consider the provision at this time.

if a member determines he or she is not able to use pre-paid services and wishes to terminate the membership agreement to avoid paying more dues for services she cannot use, the agreement limits cancellation during the initial term of the agreement to cases of permanent relocation or medical infirmity, either of which the member must substantiate with written proof. (*Id*.; *see also id.* at 8-9.) Members are therefore caught in a Catch-22, where they are forced to purchase services they do not need or want at least for the initial term. The Catch-22 is not immediately apparent from the face of the agreement, because the massage services are described as "pre-paid," implying that the member has purchased one massage each time membership dues are paid. Accordingly, Plaintiff alleges the provision requiring that membership be kept current to redeem services which have already been paid for is misleading and patently one-sided.

Defendant argues Plaintiff has not alleged sufficient facts to state a claim. The Court disagrees. Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In this regard, factual allegations in the complaint must provide fair notice of the nature of the claim and grounds on which the claim rests. *Twombly*, 550 U.S. at 556 n.3. "[A] complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer*, 622 F.3d at 1041, citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 556. "[W]here the claim is plausible—meaning something more than 'a sheer possibility,' but less than a probability—the plaintiff's failure to prove the case on the pleadings does not warrant dismissal." *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012), citing *Iqbal*, 556 U.S. at 678. As is evident from the nature of Defendant's arguments, Plaintiff's allegations provided sufficient notice to formulate a factual response. Because Plaintiff has sufficiently alleged a violation of California Civil Code § 1670.5 in support of her UCL claim, the Court need not consider Plaintiff's alternative allegations that Defendant violated California Civil Code §§ 1442 and 1671.

Defendant further claims that Plaintiff cannot state a UCL claim for unfair business practices. California law is unsettled on the issue whether establishing the "unfair" variety of the UCL requires that unfairness "be tethered to some legislatively declared policy," or that the plaintiff meet a less

demanding balancing of "impact on its alleged victim ... against the reasons, justifications and motives of the alleged wrongdoer." *See Davis v. HSBC Bank*, 691 F.3d 1152, 1169-70 (9th Cir. 2012) (internal quotation marks and citations omitted). Assuming the former, more demanding standard applies, Plaintiff has sufficiently alleged an unlawful business practice. Plaintiff is therefore able to plead the alternative unfairness claim on the same basis. *See* Fed. R. Civ. Proc. 8(d).

Next, Defendant contends that Plaintiff cannot state a claim for breach of the implied covenant of good faith and fair dealing because she does not have a contract with Defendant. This argument is rejected for the reasons discussed in the context of Article III standing, as Plaintiff has pled sufficient facts in support of the agency relationship between the local franchise and Defendant. Defendant's alternative argument that Plaintiff's claim fails because it contradicts the express provision in the membership agreement that active membership is required to redeem unused services is also rejected. *See Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal.4th 342, 376 (1992) (if the defendant's conduct is expressly permitted by contract and is within the parties' reasonable expectations, it cannot support breach of the covenant). As discussed above, in the context of the UCL claim for unlawful business practices, and based on the allegations in the FAC regarding the misleading and one-sided terms of the membership agreement, the forfeiture or expiration of unredeemed pre-paid massage services is not expressly permitted by the agreement and is not within reasonable expectation of the parties.

Finally, Plaintiff's claim for declaratory relief is derivative of the UCL and breach of the implied covenant causes of action. Because Defendant's motion to dismiss those claims is denied, its motion to dismiss the declaratory relief claim is denied for the same reasons.

For the foregoing reasons, Defendant's motion to dismiss is denied.

**IT IS SO ORDERED.**

DATED: September 17, 2013

HON. DANA M. SABRAW
United States District Judge