UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL HAHN, individually and on behalf of all other similarly situated California residents,<br><br>    Plaintiff,<br><br>  v.<br><br>MASSAGE ENVY FRANCHISING, LLC, a Delaware limited liability company;<br><br>    Defendants. | Case No. 12cv153-DMS (BGS)<br><br>**ORDER GRANTING AMENDMENT TO PROTECTIVE ORDER** |

The parties Gail Hahn ("Plaintiff") and Defendant Massage Envy Franchising, LLC ("MEF") have agreed and stipulated to be bound by the terms of this Amendment to the Protective Order (the "Amendment"), entered on September 20, 2013, in this action. *See* Doc. 57.

The Materials[1] to be produced by MEF in conjunction with the parties' expert discovery contains information and raw data from MEF's proprietary and enhanced Millennium Software Database that MEF asserts includes trade secret, personal, private, and other confidential research, technical information, cost, price, marketing, and/or other proprietary commercial information as is contemplated by Federal Rule of Civil Procedure 26(c)(7) (the "Millennium Raw Data"). The purpose of this Amendment is to protect the confidentiality of the Millennium Raw Data as much as practicably possible during the litigation. THEREFORE:

1. The parties agree that MEF shall produce the Millennium Raw Data subject to the Protective Order and this Amendment as "CONFIDENTIAL – EXPERT EYES ONLY."

2. The parties agree that MEF shall produce the Millennium Raw Data only to Plaintiff's February 8, 2014, disclosed Expert – Jeff A. Hansen ("Mr. Hansen") -pursuant to the terms and conditions set forth herein.

3. The parties agree that before MEF has any obligation to produce the Millennium Raw Data to Mr. Hansen, the Mr. Hansen shall read this Amendment and agree in writing to be bound by its terms by executing Exhibit A to this Amendment. On October 3, 2013, Mr. Hansen previously agreed to be bound to the Protective Order. Before Mr. Hansen may disclose any portion of Millennium Raw Data to Mr. Thomas M. Neches (Plaintiff's disclosed financial expert, "Mr. Neches") consistent with the terms set forth herein, Mr. Neches shall read this

---

[1] The Definitions set forth in the Protective Order [Doc. 57] shall apply equally to this Amendment.

Amendment and agree in writing to be bound by its terms by executing Exhibit A to this Amendment.

4. Mr. Hansen shall agree to retain and maintain the Millennium Raw Data exclusively in his custody and control in the manner set forth in this Amendment and, in any event, shall agree that the Millennium Raw Data must not be used for any purpose other than in connection with this litigation unless and until the "CONFIDENTIAL –EXPERT EYES ONLY" designation is removed either by written agreement of the parties or by order of the Court.

5. The Mr. Hansen shall agree not to disclose to, or otherwise share with, Plaintiff, her counsel, proposed Intervenors Alexis Hernandez and Chaille Duncan, any putative class member, or any other person the Millennium Raw Data otherwise as specified herein. In particular, Mr. Hansen shall not disclose or otherwise share any information which may be extracted from the Millennium Raw Data that may reveal (a) the identity of any putative class member, member, guest, or employee of a franchise located in the state of California ("California Franchisee"); (b) the contact information of any putative class member, member, guest, or employee of a California Franchisee (i.e., address, telephone number, email address); and/or (c) any information that may be contained in any "note" or "notes" field in the Millennium Raw Data.

6. The parties acknowledge that the Millennium Raw Data may include information and data that is not related to any member or guest of a California Franchisee since December 2007. For instance, the Millennium Raw Data may include information concerning members, guests, and employees of Massage Envy franchises located outside the state of California and prior to December 2007. This information shall be collectively referred to as the "Non-California Member Millennium Information."

7. The parties agree that by MEF producing Non-California Member Millennium Information to Mr. Hansen as part of the Millennium Raw Data, MEF

-3-　　　　12-CV-0153 DMS (BGS)

is not agreeing that this information is relevant to any issue in this case; nor is MEF agreeing that this information is responsive to any discovery request in this case; nor is MEF waiving its right to object to the use or analysis of this information and expressly reserves the right to do so. Instead, the parties agree that the Millennium Raw Data is being produced to Mr. Hansen in the interest of providing Mr. Hansen with information and data related to a member or guest of a California Franchisee since December 2007 ("California Member Franchisee Data") in the most cost effective and efficient manner and that this necessarily includes producing Non-California Member Millennium Information.

8. Mr. Hansen shall further agree not to disclose to or otherwise share with Plaintiff, her counsel, proposed Intervenors Alexis Hernandez and Chaille Duncan, any putative class member, or any other person any Non-California Member Millennium Information.

9. The parties agree that the Mr. Hansen is being provided the Millennium Raw Data for the purpose of allowing Mr. Neches to perform quantitative and qualitative analysis of only the California Member Franchisee Data and not for use or analysis of the Non-California Member Millennium Information or any information that may be included in or extracted from the Millennium Raw Data that does not pertain to any member or guest of a California Franchisee or MEF's (or its franchisees) California business operations since December 2007. However, if after Mr. Neches' review of the California Member Franchisee Data in accordance with paragraph ten (10) *infra,* Mr. Neches concludes that his analysis cannot be made using only California Member Franchisee Data, the parties agree that Plaintiff may make an application to the Court based on a showing of good cause why the use of Non-California Member Millennium Information is necessary to provide expert analysis. The parties acknowledge that if MEF's disclosed expert Carl. L. Sheeler, Ph.D., ASA, CBA, CVA ("Mr. Sheeler") relies on Non-California Member Millennium Information in any expert report or opinion, Mr. Neches may

receive from Mr. Hansen the same Non-California Member Millennium Information to respond to Mr. Sheeler's analysis.

10. The parties agree that Mr. Hansen may only disclose California Member Franchisee Data to Mr. Nechesas "CONFIDENTIAL – OUTSIDE COUNSEL AND EXPERT ONLY" pursuant to the Protective Order, and Mr. Hansen and Mr. Neches may disclose any qualitative or quantitative analysis of their work to Plaintiff's counsel, provided such disclosure to Mr. Neches or Plaintiff's counsel does not include information that reveals (a) the identity of a class member, member, guest, or employee of a California Franchisee (other than a member ID number); (b) the contact information of any putative class member, member, guest, or employee of a California Franchisee (i.e., address, telephone number, email address); and/or (c) any information contained in any "note" or "notes" field in the Millennium Raw Data.

11. The parties agree that before any analysis of any portion of the California Member Franchisee Data, any information or analysis that has been designated as "CONFIDENTIAL – OUTSIDE COUNSEL AND EXPERT ONLY" pursuant to the Protective Order, including deposition testimony as provided in Paragraph 12, *infra*, or any summary of any such information may be filed with the Court by Plaintiff for any purpose, in sufficient advance of any such filing, Plaintiff must seek permission of the Court to file such data or information under seal. Any request to file such Millennium Raw Data and analysis under seal must comply with Civil Local Rule 79.2 and this Amendment. If Plaintiff fails to comply with Civil Local Rule 79.2 and this Amendment, MEF shall have the opportunity to file a motion to seal with the Court in compliance with Civil Local Rule 79.2 and this Amendment.

12. No portion of the Millennium Raw Data may be used as an exhibit at any deposition in this matter, absent the parties' prior written agreement or order of the Court.

13. Whenever a deposition taken on behalf of any party in this lawsuit involves a disclosure of any information or analysis that has been made of the California Member Franchisee Data or any information or analysis that has been designated as "CONFIDENTIAL – OUTSIDE COUNSEL AND EXPERT ONLY" pursuant to the Protective Order and/or any summary of any such information:

(a) The deposition or portions of the deposition must be designated as containing "CONFIDENTIAL – OUTSIDE COUNSEL AND EXPERT ONLY" subject to the provisions of this Amendment and the Protective Order and any court reporter having access to any such information or testimony must agree to be bound by the Protective Order and this Amendment.

(b) MEF will have the right to exclude from attendance at the deposition, only during such time as "CONFIDENTIAL – OUTSIDE COUNSEL AND EXPERT ONLY" designated Confidential Information is to be disclosed, any person including, but not limited to, Plaintiff and any putative class member, other than the deponent and other than those individuals permitted access under the Protective Order and this Amendment and the court reporter; and

(c) The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL – OUTSIDE COUNSEL AND EXPERT ONLY" as appropriate, and the original or any copy ultimately presented to a Court for filing must not be filed unless it can be accomplished under seal, identified as being subject to the Protective Order and this Amendment and protected from being opened except by order of this Court, unless the Court refuses to file such transcripts or any portion of such transcripts under seal following a request to do so.

14. An application by Plaintiff for her, her counsel, or anyone other than the Mr. Hansen or Mr. Neches to have access to or to review any portion of the Millennium Raw Data or information designated as "CONFIDENTIAL –EXPERT EYES ONLY" shall be served on MEF. If MEF wishes to oppose the application,

MEF must contact the chambers of the judge who will rule on the application to notify the judge's staff that an opposition to the application will be filed. If access to any portion of the Millennium Raw Data or information designated as "CONFIDENTIAL –EXPERT EYES ONLY" is granted to anyone other than the Mr. Hansen or Mr. Neches, any such person shall agree to be bound to the Protective Order and this Amendment in the same manner as the Mr. Hansen or Mr. Neches.

15. <u>No analysis of, or any portion of the California Member Franchisee Data, any information or analysis that has been designated as "CONFIDENTIAL – OUTSIDE COUNSEL AND EXPERT EYES ONLY" (or information designated as "CONFIDENTIAL – EXPERT EYES ONLY") pursuant to the Protective Order, or any summary of any such information shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal.</u> An application by Plaintiff to file any analysis of, or any portion of the California Member Franchisee Data, any information or analysis that has been designated as "CONFIDENTIAL – OUTSIDE COUNSEL AND EXPERT EYES ONLY" (or information designated as "CONFIDENTIAL – EXPERT EYES ONLY") pursuant to the Protective Order, or any summary of any such information with the Court under seal shall be served on MEF. If MEF wishes to oppose the application, MEF must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed. If any application to file any such information under seal is granted by the judge, a redacted version of any portion of the document shall be e-filed. A courtesy copy of the unredacted document shall be delivered to the appropriate judge's chambers.

16. Nothing in this Amendment shall limit MEF's use and/or disclosure of the Millennium Raw Data, information designated as "CONFIDENTIAL – IT EXPERT ONLY," information designated as "CONFIDENTIAL – OUTSIDE COUNSEL AND EXPERT ONLY," or any portion of any deposition transcript

designated as "CONFIDENTIAL – OUTSIDE COUNSEL AND EXPERT ONLY."

17. All Millennium Raw Data, any analysis of any portion of the California Member Franchisee Data, any information or analysis that has been designated as "CONFIDENTIAL – OUTSIDE COUNSEL AND EXPERT ONLY" (or designated as "CONFIDENTIAL –EXPERT EYES ONLY") pursuant to the Protective Order, or any summary of any such information shall be held in confidence by those authorized by this Amendment to the Protective Order to inspect or receive it and must be used only for purposes of this action.

18. The Mr. Hansen and Mr. Neches shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of the Millennium Raw Data or any other information designated as "CONFIDENTIAL –EXPERT EYES ONLY." If the Millennium Raw Data or any other information designated as "CONFIDENTIAL – IT EXPERT ONLY" is disclosed to any person other than the Mr. Hansen and Mr. Neches, Mr. Hansen or Mr. Neches must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of counsel for MEF and counsel for Plaintiff and, without prejudice to any rights and remedies that MEF may have, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

19. Counsel of Record for Plaintiff and each person receiving any analysis of any portion of the California Member Franchisee Data, any information or analysis that has been designated as "CONFIDENTIAL – OUTSIDE COUNSEL AND EXPERT ONLY" (or designated as "CONFIDENTIAL –EXPERT EYES ONLY") pursuant to the Protective Order, or any summary of any such information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any and all such information. If any such information is disclosed to any person other than a person authorized by this Amendment or the Protective Order, the party responsible for the unauthorized disclosure must immediately bring

all pertinent facts relating to the unauthorized disclosure to the attention of MEF's counsel in writing and, without prejudice to any rights and remedies that MEF may have, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

20. This Order will be without prejudice to the right of any party to oppose production of any Confidential Information designated CONFIDENTIAL – EXPERT EYES ONLY for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Amendment must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21. Nothing within this Amendment will be construed to prevent disclosure of the Millennium Raw Data, any portion of the California Member Franchisee Data, any information or analysis that has been designated as "CONFIDENTIAL – OUTSIDE COUNSEL AND EXPERT ONLY" (or designated as "CONFIDENTIAL –EXPERT EYES ONLY") pursuant to the Protective Order, or any summary of any such information if such disclosure is required by law or by order of the Court.

22. Final Disposition. Unless otherwise agreed by the parties in writing, within sixty (60) days after the Final Disposition of this action, as defined below, the Mr. Hansen and Mr. Neches shall permanently delete all copies of the Millennium Raw Data, the California Member Franchisee Data including all metadata, any information or analysis that has been designated as "CONFIDENTIAL – OUTSIDE COUNSEL AND EXPERT ONLY" (or designated as "CONFIDENTIAL –EXPERT EYES ONLY") pursuant to the Protective Order, or any summary of any such information and any copies thereof including electronic or otherwise from all electronic storage mediums (including but not limited hard drives and portable storage devices). Unless otherwise agreed by the parties in writing, within sixty (60) days after the Final Disposition of this

-9-    12-CV-0153 DMS (BGS)
STIPULATED AMENDMENT
TO PROTECTIVE ORDER

action, as defined below, Plaintiff's Counsel and anyone else who has had access to the California Member Franchisee Data, any information or analysis that has been designated as "CONFIDENTIAL – OUTSIDE COUNSEL AND EXPERT ONLY" pursuant to the Protective Order, or any summary of any such information pursuant to this Amendment shall destroy any and all copies thereof.  It is MEF's responsibility to ensure that the Mr. Hansen and Mr. Neches, Plaintiff's Counsel, and anyone else who has had access to the information designated as "CONFIDENTIAL – OUTSIDE COUNSEL AND EXPERT ONLY" pursuant to the Protective Order or any summary of any such information pursuant to this Amendment shall also take steps to destroy by permanently deleting all electronic copies of such documents or records, as well as all metadata relating thereto. Counsel for Plaintiff must submit a written certification to Counsel for MEF by the 60-day deadline that affirms that Plaintiff's Counsel, Plaintiff, and/or anyone else within Plaintiff's control who has had access to any information designated as 'CONFIDENTIAL –EXPERT EYES ONLY" or "CONFIDENTIAL – OUTSIDE COUNSEL AND EXPERT ONLY" pursuant to the Protective Order or any summary of any such information pursuant to this Amendment has not retained any such information. Notwithstanding this provision, and unless otherwise agreed by the parties in writing, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, and expert reports, even if such Materials contain information that has been designated as "CONFIDENTIAL – OUTSIDE COUNSEL AND EXPERT ONLY." Any such archival copies that contain or constitute information marked "CONFIDENTIAL – OUTSIDE COUNSEL AND EXPERT ONLY" remain subject to this Amendment and the Protective Order as set forth herein. UNDER NO CIRCUMSTANCES SHALL ANY PORTION OF THE MILLENIUM RAW DATA OR ANY INFORMATION DESIGNATED AS "CONFIDENTIAL –EXPERT EYES

ONLY" OR ANY COPY OF THE SAME BE RETAINED BY ANYONE. Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Amendment and the Protective Order will remain in effect until MEF agrees otherwise in writing or a court otherwise directs. "Final Disposition" means the later of (1) dismissal of all claims and defenses in this action, with or without prejudice, and (2) final judgment in this action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

23. Also within sixty (60) days after the Final Disposition of this action, Counsel for MEF may file an ex parte motion for an order requesting that the Court either destroy any information or analysis that has been designated as "CONFIDENTIAL – OUTSIDE COUNSEL AND EXPERT ONLY" (or designated as "CONFIDENTIAL – EXPERT EYES ONLY") pursuant to the Protective Order or any summary of any such information on file or authorizing the return of any and all such information to MEF or its destruction.

24. The restrictions and obligations set forth within this Amendment will not apply to any portion of the Millennium Raw Data, any portion of the California Member Franchisee Data, any information or analysis that has been designated as "CONFIDENTIAL – OUTSIDE COUNSEL AND EXPERT ONLY" (or designated as "CONFIDENTIAL – EXPERT EYES ONLY") pursuant to the Protective Order or any summary of any such information that: (a) the parties mutually agree in writing should not be subject to this Amendment; (b) the parties mutually agree in writing or the Court rules is already public knowledge; (c) the parties mutually agree in writing or the Court rules has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Amendment; or (d) the parties mutually agree in writing or the Court rules that any such information has come or will come into Plaintiff's

1  legitimate knowledge independently of the production by MEF.

2  25. Transmission by facsimile or email is acceptable for all notification purposes within this Amendment.

3  26. This Amendment may be modified by written agreement of the parties, subject to approval by the Court.

4  27. This Amendment does not and is not intended to change, amend, or circumvent any rule of this Court or any Local Rule.

5  28. The Court may modify the terms and conditions of this Amendment for good cause or in the interest of justice or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Amendment and the content of those modifications prior to entry of such an order.

/ / /

/ / /

29.     Even after the termination of this action, the confidentiality and other obligations imposed by this Amendment will remain in effect until the producing party agrees otherwise in writing or the Court otherwise directs. The parties may request that any Final Disposition of this action as to any or all parties will include a specific provision that the Court will retain jurisdiction to enforce the terms of this Amendment for a period of two (2) years following such Final Disposition unless otherwise ordered by the Court. The parties, counsel, and any individual who receives the Millennium Raw Data, any portion of the Millennium Raw Data, the California Member Franchisee Data, any information or analysis that has been designated as "CONFIDENTIAL – OUTSIDE COUNSEL AND EXPERT ONLY" (or designated as "CONFIDENTIAL – EXPERT EYES ONLY") pursuant to the Protective Order, or any summary of any such information and any copies of any such information in accordance with this Amendment and the Protective Order consents to the personal jurisdiction of the Court for that purpose.

IT IS SO ORDERED this 6 day of March, 2014.

_____
The Honorable Magistrate Judge Bernard Skomal

-13-                                    12-CV-0153 DMS (BGS)
STIPULATED AMENDMENT
TO PROTECTIVE ORDER

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL HAHN, individually and on behalf of all other similarly situated California residents,<br><br>Plaintiff,<br><br>v.<br><br>MASSAGE ENVY FRANCHISING, LLC, a Delaware limited liability company;<br><br>Defendants. | Case No. 12cv153-DMS (BGS)<br><br>**AGREEMENT TO ABIDE BY AMENDMENT TO PROTECTIVE ORDER**<br><br>The Hon. Dana M. Sabraw |

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have received and read a copy of the Amendment to the Protective Order entered in *Hahn v. Massage Envy Franchising, LLC*, Case No. 12cv153-DMS (BGS), and understand and agree to abide by its terms.

3. I agree to keep confidential all Millennium Raw Data and other Confidential Information provided to me in this matter in accordance with the restrictions in the Amendment to the Protective Order.

4. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Amendment to the Protective Order.

5. I understand that any disclosure or use of Confidential Information in any manner contrary to the provisions of the Amendment to the Protective Order may subject me to sanctions for contempt of court.

6. I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____