Jeffrey R. Krinsk (109234)
jrk@classactionlaw.com
William R. Restis (246923)
wrr@classactionlaw.com
David J. Harris (286204)
djh@classactionlaw.com
Trenton R. Kashima (291405)
trk@classactionlaw.com
FINKELSTEIN & KRINSK LLP
550 W. C Street, Ste. 1760
San Diego, California 92101
Telephone: (619) 238-1333
Facsimile: (619) 238-5425

Attorneys for the Representatives
and the Settlement Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT P. CRAWFORD II, as Personal Representative to the Estate of GAIL HAHN, CHAILLE DUNCAN, and ALEXIS HERNANDEZ, individually and on behalf of all other similarly situated California Residents,<br><br>                    Plaintiffs,<br><br>    v.<br><br>MASSAGE ENVY FRANCHISING, LLC, a Delaware Limited Liability Company,<br><br>                    Defendant. | Case No. 3:12-cv-00153-DMS-BGS<br><br>JOINT NOTICE OF DISMISSAL WITHOUT PREJUDICE OF "CURRENT MEMBER" CLAIMS<br><br>Fed. R. Civ. P. 41(a)(1) |

1  The parties hereto, by and through their respective counsel of record, hereby stipulate and agree as follows:

WHEREAS, in connection with an earlier proposed class action settlement in this case (the "Original Settlement"),[1] Robert P. Crawford, as Personal Representative to the Estate of Gail Hahn, Alexis Hernandez and Chaille Duncan (collectively the "Representatives") filed a Second Amended Complaint (the "SAC") against Defendant Massage Envy Franchising, LLC ("MEF" collectively the "Parties");

WHEREAS, the SAC was deemed filed by the Court's March 6, 2015 Order preliminarily approving the Original Settlement. Dkt. No. 303, at p. 19:1-3;

WHEREAS, the SAC asserts nationwide claims on behalf of "SAC Members" which includes "Former Members" as well as all "Current Members" of MEF Franchises;

WHEREAS, the Parties have reached an agreement (the "Amended Settlement Agreement") resolving all of the claims and causes of action asserted in this case on behalf of Former Members pled in the SAC;

WHEREAS, as a material term of the Amended Settlement Agreement, the Parties have agreed to dismiss the claims of "Current Members" from the Representatives' SAC:

NOW THEREFORE, the Parties, by and through their respective counsel, hereby stipulate that all claims and causes of action of the "Current Members" as pled in the SAC be dismissed pursuant to Fed. R. Civil. P. 41(a)(1) without prejudice.

Fed. R. Civ. P. 41(a)(1)(A)(ii) allows a plaintiff to voluntarily dismiss an action without court order by filing a stipulation of dismissal signed by all parties

---

[1] Unless otherwise noted, capitalized terms have the same meaning as the Amended Settlement Agreement.

who have appeared. See *Duke Energy Trading & Mktg. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001) (noting that voluntary dismissal under Rule 41(a)(1)(A) "requires no action on the part of the court").

Rule 41(a)(1)(A) is expressly subject to the provisions of Fed. R. Civ. P. 23(e), which was modified in 2003 to eliminate any requirement for Court approval or notice to the putative class when a class representative voluntarily dismisses class allegations without prejudice before a ruling on class certification:

> Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be—and at times was—read to require court approval of settlements with putative class representatives that resolved only individual claims. [Citation.]  The new rule requires approval <u>only</u> if the claims, issues, or defenses of a <u>certified</u> class are resolved by a settlement, voluntary dismissal, or compromise. Subdivision (e)(1)(B) carries forward the notice requirement of present Rule 23(e) when the settlement binds the class through claim or issue preclusion; notice is <u>not</u> required when the settlement binds only the <u>individual</u> class representatives.

Committee Notes on Rules—2003 Amendment (emphasis added); *see also Jackson v. Innovative Sec. Servs.*, LLC, 283 F.R.D. 13, 15 (D.D.C. 2012) ("The purpose of Rule 23(e) is to protect the rights of nonparty members of the class… However, this matter was never certified pursuant to Rule 23(b)(2). As such, plaintiffs' request for dismissal of the class action claim is appropriate under Federal Rule 41(a)(1)."); *Wynn v. Nat'l Broad. Co.*, No. CV00-11248-SVW(RZX), 2002 WL 31681865, at *1 (C.D. Cal. Mar. 6, 2002) (dismissing action under Rule 41(a)(1)(A) and ruling over defendant's objection that "no approval is required by the Court pursuant to Rule 23(e), since there is no certified class action at this point"). Accordingly, voluntary dismissal of the Current Members' causes of action does not require Court approval because they are not part of a certified class

at this time. *See* Dkt. 381, at p. 14:21-23 (decertifying class including Current Members).

Finally, even if Court approval were required, dismissal of the Current Members' causes of action will have no prejudicial effect. The dismissal without prejudice will have no preclusive effect on Current Members' claims, and the Current Members now assert causes of action on their own behalf in the related litigation, *Donna Zizian, Individually and on behalf of all other similarly situated California Residents, v. Massage Envy Franchising, LLC, a Delaware limited liability company,* Case No. 3:16-cv-00783-DMS (BGS).

Date: June 3, 2016                                  Respectfully submitted,

FINKELSTEIN & KRINSK LLP

By: /s/ Jeffrey R. Krinsk

Jeffrey R. Krinsk, Esq.
William R. Restis, Esq.
Trenton R. Kashima, Esq.
David J. Harris, Esq.

Attorneys for Plaintiffs and
the Settlement Class

SACKS, RICKETTS & CASE, LLP

By: /s/Cynthia A. Ricketts

Luanne Sacks
Cynthia A. Ricketts

Attorneys for Defendant
Massage Envy Franchising, LLC

**SIGNATURE CERTIFICATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Cindy Ricketts, counsel for MEF, and that I have obtained Ms. Ricketts', authorization to affix her electronic signature to this document.

Dated: June 3, 2016                                By: /s/ Jeffrey R. Krinsk
                                                   Jeffrey R. Krinsk, Esq.