UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT P. CRAWFORD II, as Personal Representative to the Estate of GAIL HAHN, CHAILLE DUNCAN, and ALEXIS HERNANDEZ, individually and on behalf of all other similarly situated California residents,<br><br>Plaintiff,<br><br>v.<br><br>MASSAGE ENVY FRANCHISING, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Case No. 12-cv-153-DMS (BGS)<br><br>**FINAL JUDGMENT** |

Based upon and subject to the nationwide class-wide amended Settlement approved by this Court in this Action and the Order of Final Approval of Amended Class Action Settlement [Dkt 393] ("Final Approval Order"):[1]

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Court has personal jurisdiction over all members of the certified Settlement Class (defined below and in the Final Approval Order), subject matter jurisdiction over the claims in the above captioned matter (the "Action"), and jurisdiction to approve the Amended Settlement Agreement.

2. The certified Settlement Class subject to and bound by this Final Judgment includes all members of a clinic or spa owned and operated by a MEF Franchisee within the United States between December 7, 2007, and March 6, 2015, who had one or more Unutilized Massages when (a) he/she cancelled his/her Membership; (b) he/she elected not to renew his/her Membership; or (c) his/her Membership was terminated for non-payment but excluding anyone who was terminated for inappropriate or illegal conduct. Also excluded from the certified Settlement Class are (i) those 96 individuals identified on **Exhibit 1** hereto, who properly excluded themselves from the Action; (ii) any person, firm, trust,

---

[1] The capitalized terms used in this Final Judgment, if not defined herein, shall have the meanings and/or definitions given to them in the Amended Stipulation of Class Action Settlement and Release [Dkt 388-2] ("Amended Settlement Agreement").

corporation, or other entity affiliated with MEF; and (iii) any judge, justice, judicial officer, or judicial staff of the Court overseeing the Action.

3. Venue is proper in this Action.

4. This Court does not make a determination as to the merits of this Action in favor or against either Party. The Amended Settlement Agreement between the Parties simply represents a compromise of disputed allegations.

5. This Action (including all individual claims and certified Settlement Class claims) is dismissed, with prejudice on the merits, without fees or costs to any party except as provided in the Final Approval Order.

6. The Release set forth in Section XII of the Amended Settlement Agreement is expressly incorporated into this Judgment, and is effective as of the Effective Date, fully releasing and forever discharging the Released Parties from the Released Claims in accordance with the provision of Section XII of the Amended Settlement Agreement.

7. This Judgment is, and may be raised as, a complete defense to and precludes any claim, action, or proceeding encompassed by the Release, which is set forth in Section XII of the Amended Agreement and expressly incorporated into this Judgment, against the Released Parties.

8. This Court maintains continuing jurisdiction over this Action and Parties thereto for the limited purpose of enforcing the terms of the Amended Agreement.

1
2
3   DATED: July 18, 2016
4                                              Hon. Dana M. Sabraw
                                               JUDGE OF THE UNITED STATES
5                                              DISTRICT COURT
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28